CHICAGO TRUST & SAV. BANK v. BENTZ et al.

(Circuit Court, E. D. Louisiana. December 9, 1893.)

No. 12,226.

1. COURTS—STATE AND FEDERAL—CONFLICTING JURISDICTION.
    The claim of mortgage bondholders of a corporation to an equitable lien on the proceeds of insurance policies on the corporate buildings, by virtue of a stipulation in the mortgage for insurance for their benefit, may be determined in a federal court, notwithstanding the pendency in the state courts of suits wherein other bondholders seek the same relief.

2. SAME—INJUNCTION.
    A federal court has no jurisdiction to interfere, by injunction against either party, with a suit previously brought in a state court by the liquidators of a corporation, upon insurance policies in their possession and covering the corporate buildings, although the complainants in the federal court claim an equitable lien on the proceeds thereof. Rev. St. § 720; Whitney v. Wilder, 4 C. C. A. 510, 54 Fed. 554.

In Equity. Suit by the Chicago Trust & Savings Bank against H. Bentz and others, liquidators of the Home Brewing Company. On demurrer to the bill. Sustained in part, and overruled in part.

Lazarus, Moore & Luce and F. B. Thomas, for complainant.

A covenant in a mortgage, to keep the mortgaged premises insured for the benefit of the mortgagee, creates a special equitable lien upon the insurance money, good against the mortgagor, privies, or third persons. Wheeler v. Insurance Co., 101 U. S. 439; In re Sands Ale Brewing Co., 3 Biss. 175; Cromwell v. Insurance Co., 44 N. Y. 42; Ames v. Richardson, 29 Minn. 330, 13 N. W. 137; Miller v. Aldrich, 31 Mich. 408; Bank v. Benson, 24 Pick. 204; May, Ins. §§ 380, 391; 2 Wood, Ins. § 119; 1 Hil. Mortg. §§ 29, 30.

The United States circuit court has jurisdiction to proceed against a liquidator or receiver appointed by a state court, and fix and determine such equitable lien. Payne v. Hook, 7 Wall. 425; Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440; Dwight v. Railroad Co., 9 Fed. 785; Linton v. Mosgrove, 14 Fed. 543; Ball v. Tompkins, 41 Fed. 486.

Not indispensable that all holders of mortgage bonds, secured under the mortgage act, should be made parties. Payne v. Hook, 7 Wall. 425; Story, Eq. Pl. § 89; West v. Randall, 2 Mason, 193; Wood v. Dummer, 3 Mason, 308; Campbell v. Railroad Co., 1 Woods, 369.

Dinkenspiel & Hart, for defendants.

BOARMAN, District Judge. This is a suit in equity, for specific performance and injunction. It is now being heard on demurrer filed by defendants. The Home Brewing Company, a corporation domiciled in the city of New Orleans, Louisiana, as an insolvent, went into liquidation, through process of the state courts, at New Orleans, in August, 1893. Previously, the plant and buildings had been destroyed by fire. Its principal assets consist of values evidenced by several insurance policies in several companies named in the bill. H. Bentz and August Habernicht were made liquidators by the state court. The insolvent company, in order to secure funds for the construction of its buildings and plant, issued a first and second series of bonds, amounting to about $80,000. The payment of these bonds was secured by a mortgage covering all the buildings and plant of the company. The mortgage recites that the buildings and plant should be insured for the benefit of the holders of these bonds, and the buildings and plant were insured in the several companies named in this bill. The complainants allege that, in pursuance of said recital in the mortgage act, the said insurance policies were to be, and should have been, turned over to the holders of bonds, and that such was the intention of all the parties to the mortgage contract; but that, through neglect or omission, on the part of the said company, said policies were not so turned over. Complainant alleges, further, that, under the terms of the mortgage act, an equitable assignment of said policies was intended to be made, and was, in law, made, to complainant and all other holders of similar bonds, and that they are entitled to possession and custody of said policies.

It is conceded that, at the time this bill was filed, the building and plant of the defendant company had been destroyed by fire, and that the said liquidators had begun suits in the state court to collect the indebtedness, as shown by the several policies, and to subject the proceeds thereof to their administration as liquidators. It is shown that several creditors of the said insolvent had intervened, in those pending suits, to secure certain equitable liens which they claim on the insurance fund, because they are holders of certain bonds similar to those sued on by the complainants in this suit. It is conceded, too, that the said several insurance policies had not been turned over to the complainant, or any of the bondholders, and the said several policies were found in and among the assets of the defendant company, when liquidators were put in charge of the insolvent property. It seems that the bill asks no judgment for any sum of money. Possession of certain insurance policies, on which complainant seems to have an equitable lien, is sought by a decree for specific performance and injunction; i. e. the bill asks that the liquidators be prohibited and enjoined

from making any disposition of money collected by them on the policies of insurance, and complainant asks to have the several insurance companies enjoined and restrained from paying said liquidators any of the sums adjusted and found to be due the defendant insolvent company by said insurance companies. It is further sought to have the court direct the issuance of subpoena and orders to the liquidators, commanding them to come before this court at a certain time, under penalty for disobedience, and then and there make full and true answer in the premises, and to conform to all directions and orders of this court.

The authorities cited by counsel for complainant show, abundantly, that this court has jurisdiction to entertain and pass upon the equitable lien claimed on the fund arising from the several insurance policies. This jurisdiction is in the federal court, notwithstanding the pendency of the suit brought in the state court by the interveners, who hold and sue on some of the same series of bonds as those of which complainant now seeks possession. But no authority is shown which authorizes this court to grant the injunctions against the insurance companies, or to stay, or in any way control, the proceedings by the liquidators in the state courts. Section 720 of the Revised Statutes says that "a writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of the state except where such injunction is authorized by any law relating to proceedings in bankruptcy." The appellate court for the fifth circuit has recently held, in the case of Whitney v. Wilder, which went up from the eastern district of Louisiana, that the prohibition in section 720 "extends to all cases over which the state court first obtains jurisdiction, and applies, not only to injunctions aimed at the state court itself, but also to injunctions issued to all parties before the court, its officers, or litigants therein." 4 C. C. A. 510, 54 Fed. 554, 555; Peck v. Jenness, 7 How. 625; Dial v. Reynolds, 96 U. S. 340; and other authorities.

It appears that the case presented by the complainant should be controlled by the principles laid down in the cases just cited, and that this court is without power to grant an injunction restraining the insurance companies from responding to any judgment of the state court, or to issue orders or directions to the state court, to the liquidators, or to the litigants in the several suits pending in the state court. So much of the bill as seeks relief by injunction against the insurance companies, or by orders to the liquidators, is denied and dismissed, and the restraining order heretofore granted set aside.

The bill will be heard, at the instance of the attorneys for the complainants, on any matters not disposed of in this order.