## HALLIDAY *v.* FENTON.

### Opinion delivered April 21, 1924.

1. APPEAL AND ERROR—CONCLUSIVENESS OF FINDING OF COURT.—A finding of the circuit court that there was an unavoidable casualty, within Crawford & Moses' Dig., § 6290, sub. 7, authorizing the vacation of a judgment, if supported by substantial evidence, will not be set aside upon appeal.

2. JUDGMENT—"UNAVOIDABLE CASUALTY"—EVIDENCE.—Evidence of a misunderstanding as to a continuance, resulting in defendant's absence from trial, *held* to sustain finding of "unavoidable casualty" within Crawford & Moses' Dig., § 6290, subd. 7, entitling him to have the judgment vacated.

3. JUDGMENT—RES JUDICATA.—An order overruling defendant's motion for continuance when the case was called for trial on defendant's absence on ground of misunderstanding as to a continuance having been granted, not appealed from, was not *res judicata,* and would not preclude a subsequent proceeding under Crawford & Moses' Dig., § 6290, subd. 7, to vacate the judgment for unavoidable casualty on grounds alleged in motion.

Appeal from Sevier Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Lake & Lake,* for appellants.

1. There was no sufficient showing of unavoidable casualty. Not only did appellees fail to make out a case of unavoidable casualty, but what they rely on as constituting it was in fact gross negligence on their part. 114 Ark. 497; 144 Ark. 533; 152 Ark. 18; 157 Ark. 464.

2. The plea of *res judicata* should have been sustained. 114 Ark. 497; 141 Ark. 453.

*Shaver, Shaver & Williams,* for appellee.

1. The trial court heard all the testimony in this case and examined the original records. Its findings must be taken as conclusive. 135 Ark. 445.

2. The doctrine of *res judicata* has no application. The distinction between this case, and that relied on by appellant, *Turnbull* v. *Harris,* 114 Ark. 497, is clearly demonstrated by the rule stated in *Foolhs* v. *Bilby,* 95 Ark. 308.

SMITH, J. Appellees instituted this action under the seventh subdivision of § 6290, C. & M. Digest, to set aside,

after the expiration of the term, a judgment which had been rendered against them in favor of appellants. It appears from the record that appellants were partners in 1920, and, as such, had entered into a contract with appellees for the construction of a part of a road being built by a road improvement district in Little River County. Appellees, who were also partners, were subcontractors under the original contractor, and appellants sued appellees for a balance alleged to be due them under said contract on the 27th of May, in the circuit court of Sevier County. Personal service was had, and, on the first day of the regular term to which the suit had been brought, an answer was filed denying all the material allegations of the complaint. The case was set for trial on Thursday of the second week, but was not tried. The court was adjourned to the second Monday in October, and the case was tried at this adjourned term and judgment rendered in favor of the plaintiffs, and this proceeding was brought to vacate that judgment. The defendants did not appear at the adjourned term, but one of their attorneys filed a motion for a continuance, which was overruled by the court.

Appellants were plaintiffs in the original suit, and will be hereinafter referred to as such, and appellees will be referred to as defendants.

Upon the hearing of the motion to vacate the judgment, the following testimony was offered: Defendant Fenton testified that, in September preceding the adjourned term of the court, he and his partner went to Louisiana to do some levee work, and they were not advised that the case had been set for trial in October, and that, after the adjournment of the regular term, witness came to De Queen, and was advised by his attorney and the clerk of the court that the case had been continued for the term and the court had adjourned. He and his attorney examined the entries on the judge's docket, and found that the case had been continued. He also testified that, after having been told by the clerk that the case had

been continued, he saw plaintiff Knox at Horatio, and Knox stated to him, at that time, that he was ready for the trial at the January term of the court, which was the time for the next regular term to convene, and that he would beat him when the case was tried.

One of the defendants' attorneys testified that he examined the judge's docket and saw that the case had been marked continued, and he therefore made no preparation to try the case before the next ensuing regular January term of the court. Another attorney for defendants testified that he inquired of the clerk what action had been taken about this case, and the clerk advised him it had been continued for the term. The clerk did not deny making these statements, but he did testify that he had no recollection of having made them.

The judge's docket did not read that the case had been continued for the term, but there did appear, in the judge's handwriting, the word "Cont.," which the witnesses testified they read as an abbreviation of the word continued. This notation was on the right-hand side of the docket, where such notations were usually made. It appears, however, that on the left-hand side of the docket there was a notation reading: "Thursday of the second week," and, just under this notation, the words "October 8." It appears from the testimony of the clerk that this notation was not very distinct, and the attorneys for defendants testified that they did not observe it when they examined the docket, and, as has been said, this indistinct notation was not on the part of the docket where such notations were usually made by the judge.

There is some uncertainty about the time when the notation on the left of the page was made, and also as to who made it, and the trial judge testified that "I know I never made that afterwards. If I wrote that at all, I know I did it when it was set," and he testified that the case was, in fact, set for trial at the adjourned October term.

On behalf of the plaintiffs, testimony was offered as follows: Defendants asked a continuance because their attorney who had the case in charge was engaged in making a campaign for the nomination for chancellor, but the request was refused, and defendants were notified that plaintiffs would insist on a trial during that term. That the case was set for trial on the second Thursday, but the court adjourned on the second Wednesday to the second Monday in October, and, at the time of this adjournment, the court announced that the case would be one of the cases tried at the adjourned term, and the case was then set for the second Monday in October, and that neither the defendants nor any one of their attorneys was in attendance upon the court when the order of continuance was announced.

These are the principal facts developed, and the court made an order as prayed, setting aside the judgment rendered at the adjourned term of the court, and plaintiffs have appealed from that order.

The case of *Cady* v. *Pack*, 135 Ark. 445, was a proceeding similar to this, and there was conflicting testimony from which the court might have found that there was or that there was not an unavoidable casualty, within the meaning of the statute, entitling defendants to have the judgment vacated. We there said: "Where circuit courts are required by law to pass upon questions of fact, the findings are as conclusive on appeal as the verdicts of juries. * * * The finding of the court is sustained by sufficient substantial evidence, and is conclusive on appeal, under the well-established rule in this court to the effect that, 'where the law makes the trial judge the trier of facts in cases to which the constitutional right of jury trial does not apply, the same presumption attends his finding as when a jury is waived by the party.' (Cases cited)."

In the application of this rule we are unable to say that the finding of the court is not sustained by sufficient substantial testimony to support that action.

Plaintiffs also entered the plea of *res judicata,* and insist that, upon the authority of *Trumbull* v. *Harris,* 114 Ark. 493, that plea should be sustained. It appears that, when the case was called for trial, an attorney for defendants appeared and filed a motion for continuance, which set up substantially the facts herein recited, and it is insisted that defendants should have appealed from the order of the court overruling the motion for a continuance. That was done in the Trumbull case, and this court dismissed the appeal, and we held on the second appeal that the matter was *res judicata.*

Here there was no testimony offered on the motion for a continuance; no motion for a new trial was filed, and there was no appeal. The defendants could not, at the time of the trial, have sustained the allegations of their motion. Their clients, as it was alleged, were absent by unavoidable casualty, and they were not prepared either to go to trial or to sustain by sufficient testimony the allegations of the motion for a continuance. Under these circumstances defendants had the right to proceed as they have proceeded, and the plea of *res judicata* is not well taken.

The judgment of the court vacating the original judgment, and ordering another trial, is therefore affirmed.