ILLINOIS BANKERS' LIFE ASSOCIATION *v.* BYASSEE.

Opinion delivered June 29, 1925.

1. INSURANCE—LAPSE OF POLICY—DISABILITY CLAIM.—Under a policy of life insurance which also contained a total disability clause, lapse of the policy by nonpayment of the premium did not operate as a release of the company from any liability on a total disability claim which had arisen prior to such lapse.

2. INSURANCE—DISABILITY CLAIM—NOTICE.—Under a policy insuring against total disability and providing that in case of such disability notice of a claim therefor should be given within 90 days after its happening, *held* that an instruction that the failure to give such notice would not bar a recovery if assured did not realize that she was totally disabled within the policy's meaning was erroneous both because there was no proof that she did not realize her disability and because, in the absence of mental inca-

pacity, she was bound to ascertain her condition and give notice within the time stipulated.

3. INSURANCE—PROOF OF LOSS—WAIVER.—While an unqualified denial of liability by the insurer, made before the expiration of the time for making proof of loss or disability, operates as a waiver of such proof, the rule is otherwise where time for such proof had expired before such denial was made.

4. INSURANCE—INCONTESTABLE CLAUSE CONSTRUED.—The two-years' incontestable clause in a policy of insurance does not exclude the defense of a failure to furnish proof of loss or disability, as such a defense is not a contest of the policy, but an assertion by way of defense of a failure to perform a condition precedent to recovery.

Appeal from Arkansas Circuit Court, Southern District; *George W. Clark,* Judge; reversed.

*T. E. Helm,* for appellant.

*Joseph Morrison,* for appellee.

McCULLOCH, C. J. This is an action on an insurance policy, and was instituted by appellee as administratrix of the estate of Mary A. Nichols, deceased. Appellant issued the policy in controversy to Mrs. Nichols on August 13, 1915, and it contained stipulations for the payment of premiums or assessments, with a further provision that for failure to pay them within the stipulated time all rights under the policy should be forfeited. The policy provided that, upon the death of Mrs. Nichols, the sum of $2000 would be paid to her husband, and that one-half of the policy would be paid to the assured herself on due proof that she had become ''permanently and totally disabled as the result of accident or disease.'' The policy referred to the by-laws of appellant association and in express terms made them a part of the contract, and there was a provision in the by-laws requiring proof of loss, either on account of death or disability, and that such notice should be given within ninety days ''after the death of said member or policy holder, or the happening of total and permanent disability,'' and stipulated that any claim on account of death or disability ''shall be forfeited by failure to furnish proof within the time and in the manner above prescribed.''

Mrs. Nichols died on August 26, 1921, and the present action was instituted on December 22, 1923, to recover one-half of the amount of the policy for alleged total disability of the assured. It is undisputed that the premium, or assessment, due on the policy in January, 1921, was not paid, and that the policy lapsed. It was alleged, however, that the total disability of the assured occurred prior to the time that the policy lapsed and that the company is liable, notwithstanding the subsequent lapsing of the policy.

Appellant defends on the ground that proof of loss was not made within the time prescribed by the by-laws, and that there is no liability for disability which occurred after the time that the policy lapsed.

The court submitted the case to the jury, and there was a verdict in favor of appellee.

The evidence adduced by appellee was sufficient to establish the fact that Mrs. Nichols sustained total physical disability on account of disease in October, 1920, and that she continued in that condition until she died on August 26, 1921. The testimony is to the effect that she became ill with tuberculosis, and that she was continuously confined to her bed, growing gradually worse, but that she was hopeful of recovery up to the time of her death. The proof tends to show that tuberculosis developed following a spell of influenza. After the policy lapsed on account of failure to pay the January, 1921, assessment, there was no communication between the company on the one part and the assured or any one else with reference to the policy until there was a letter written by a friend of the family on July 5, 1923, in which appellant was informed of the death of Mrs. Nichols on August 26, 1921, and that she had become totally and permanently disabled prior to January 1, 1921, and request was made of appellant to make payment of the total disability claim under the policy. Appellant,

through its authorized agent, replied to that letter under date of July 10, 1921, as follows:

"In re:  Mary A. Nichols.

"Dear Sir: Replying to your letter of July 5, in regard to the above policy, we are sorry to be obliged to advise each and every right under said policies and each of them ceased immediately upon the expiration of the grace period allowed after the last premium expired.  In other words, policy No. 34508 became lapsed on account of failure of the insured to pay the premium which was due January 1, 1921, and policy No. 34507 lapsed on account of failure of the insured to pay the premium which was due January 1, 1921. This fact is true, regardless of whether the insured, in either or both cases, was disabled at the time of lapsation.  You may observe from these policies that, even in event of disability, the insured is obliged to pay the full premium during the continuation of such disability.  We regret that there is nothing that can be done in the premises, but under the circumstances related our association is not liable, and, of course, must dismiss the matter from further consideration."

The court, in its charge to the jury, stated that it was undisputed that the policy had lapsed in January, 1921, but that the lapse of the policy did not operate as a release of the company from any liability on the total disability claim which had arisen prior to that time. That statement is undoubtedly correct, and was then, and is now, conceded by counsel for appellant to be correct.  The court charged the jury, however, that the right to recover on the total disability claim would not be barred by failure to make proof of loss in accordance with the by-laws of appellant association if Mrs. Nichols "did not know and did not realize that she was totally and permanently disabled within the meaning of this policy of insurance."  This instruction was erroneous for the reason that, in the first place, there was no evidence that Mrs. Nichols did not know of her dis-

ability. The proof is undisputed that she had tuberculosis and continued to grow worse until she died, and that she was hopeful of her recovery, but there is nothing to indicate that she was oblivious of her condition or was mentally incapacitated. The charge of the court on this subject was incorrect for the further reason that the policy lapsed nearly eight months before the death of Mrs. Nichols, and, as no liability could accrue for disability, or otherwise, occurring after that time, the assured was bound to ascertain her condition and give notice within the time stipulated in the policy.

The court also erred in submitting to the jury the question whether or not appellant's letter written on July 10, 1923, denying liability on the policy constituted a waiver of proof of loss. An unqualified denial of liability before the expiration of the time for making proof of loss operates as a waiver, but not so where the time for proof of loss has already expired. *Smith* v. *American National Ins. Co.,* 111 Ark. 32. The reason for the distinction as to the time when the denial of liability occurs is that if there is a denial before the expiration of time for making proof, the requirement is waived, inasmuch as it would be useless for the assured to present proof of a claim where liability was already denied; but after the expiration of the time for filing proof the company is permitted to defend on any legal ground which may exist without specification or statement in the communication between the parties as to what the defense will be. Under those circumstances the insurance company is not bound to respond at all to the demand, and if it does so it is not bound by any statement as to the grounds upon which liability will be denied in any action in which it is asserted.

Counsel for appellant contend that the two years incontestable clause in the policy excludes the defense of failure to furnish proof of loss. Not so. That clause has no application to the requirement for furnishing proof of loss. The defense of failure to make proof of

loss under the policy is not a contest of the policy itself, but it is an assertion by way of defense of a failure to perform a condition precedent to recovery.

It is, as before stated, conceded that there is no liability under this policy on a death claim—in fact, the suit was not brought to recover on that feature of the policy—and according to the undisputed evidence in the case the right to recover on the total disability claim is barred by failure to make proof of loss.

No useful purpose would be served by remanding the cause for a new trial, so the judgment will be reversed, and the cause dismissed. It is so ordered.