SMITH *v.* GLOBE & RUTGERS FIRE INSURANCE COMPANY.

Opinion delivered June 13, 1927.

1. JUDGMENT—RELIEF FOR UNAVOIDABLE CASUALTY—DEFENSE.—One who has to be relieved from a judgment on the ground of unavoidable casualty, preventing a defense to the action, must show that he has a meritorious defense.

2. INSURANCE—PROOF OF LOSS.—Failure of the insured to file a proof of loss within the time provided in an insurance policy constitutes a valid defense to a suit on the policy.

3. JUDGMENT—RELIEF FROM DEFAULT JUDGMENT—PRIMA FACIE CASE.— An insurance company seeking to set aside a default judgment on the ground of unavoidable casualty, in showing as a defense that the insured had failed to file a proof of loss, was not required to show affirmatively that it had not waived such proof, where the question of waiver was not put in issue by the pleadings.

4. JUDGMENT—EVIDENCE TO JUSTIFY VACATING.—The finding of the court that a judgment against an insurance company should be vacated, *held* supported by evidence that the insurance company's attorney resided outside of the place of trial, and was not notified when the case was set for trial, as agreed by opposing counsel.

Appeal from Union Circuit Court, Second Division; *W. A. Speer*, Judge; affirmed.

### STATEMENT OF FACTS.

Tom Smith and the Commercial Credit Company brought suit, on March 11, 1925, against the Firemen's Fire Insurance Company, to recover $387 for loss sustained by theft of an automobile under a policy of insurance issued to the plaintiffs by the defendant. On March 19, 1925, the same plaintiffs filed a complaint against the Globe & Rutgers Fire Insurance Company to recover $350 for loss by fire of an automobile under an insurance policy issued by the defendant to the plaintiffs. The defendant in each case filed an answer to the complaint upon April 4, 1925. On October 23, 1925, each case was reached upon call of the calendar, and the defendant in each case did not appear. A jury was therefore impaneled in each case and, after hearing the evidence, returned a verdict for the plaintiffs in each case separately. Judgment was accordingly entered upon the verdict in each case. After the expiration of the term, the defendant in each case filed a motion to vacate the judgment for unavoidable casualty, under the seventh subdivision of § 6290 of Crawford & Moses' Digest. The two cases were consolidated for the purposes of trial, and, having heard the evidence introduced, the court rendered a judgment vacating the judgment already rendered in favor of the plaintiffs against the defendants. To reverse that judgment the plaintiffs have duly prosecuted this appeal.

*S. E. Gilliam,* for appellant.

*Carmichael & Hendricks* and *McMillen & Scott,* for appellee.

HART, C. J., (after stating the facts). It is the settled law of this State that one who asks to be relieved from a judgment on the ground of unavoidable casualty preventing the defendant from making a defense to the action, the party asking to be relieved from the judgment must show merit; otherwise the court would be asked to do the vain thing of setting aside a judgment when it would be its duty to enter again the same judgment upon a re-trial of the case. It is not required of the defendant

to establish his case conclusively, but he must make out a *prima facie* defense, the final determination being left to the court, if the judgment is set aside. *McDonald Land Co.* v. *Shapleigh Hardware Co.*, 163 Ark. 524, 260 S. W. 445, and *Halliday* v. *Fenton*, 164 Ark. 11, 260 S. W. 961.

In the case at bar the defendants alleged, as a defense to the actions to recover on the insurance policies, that the plaintiffs had failed to file proof of loss within the time provided in the policies. This, if proved, would constitute a valid defense to a suit on the policies. *Queen of Arkansas Insurance Co.* v. *Laster,* 108 Ark. 261, 156 S. W. 848, and *Illinois Bankers' Life Association* v. *Byasse,* 169 Ark. 230, 275 S. W. 519, 41 A. L. R. 379. In the motion to vacate the judgment proof was introduced by the defendants to show that no proof of loss had been filed by the plaintiffs in either case. No question of the waiver to file proof of loss within the time provided in the policies has been raised in the pleadings. Hence it was not necessary for the insurance companies to prove anything concerning a waiver, because the fact of waiver was not put in issue in the cases. The insurance companies would not be required to prove something that had not been put in issue in the cases in order that they might have the judgments vacated on the ground of unavoidable casualty. In the case of *Halliday* v. *Fenton,* 164 Ark. 11, 260 S. W. 961, it was held that a finding of the circuit court that there was unavoidable casualty, within Crawford & Moses' Digest, § 6290, subdivision 7, authorizing the vacation of a judgment, if supported by substantial evidence, will not be set aside upon appeal. It was further held that evidence of a misunderstanding as to a continuance, resulting in the defendant's absence from the trial, entitled him to have the judgment vacated under this subdivision of the statute.

In the present case one of the attorneys for the insurance companies was a witness for them. According to his testimony he lived in Little Rock, and had practiced

law for fifteen years. The cases in question were brought
in the circuit court in Union County, Arkansas. The
attorney for the insurance companies saw the attorney
for the plaintiffs about the cases, and told him to send
him an affidavit as to the facts relative to the loss and
he would see if there could not be a settlement of one
of the cases. Subsequently he filed answers for the
insurance companies. The attorney for the plaintiffs
told the attorney for the insurance companies that he
would notify him when the cases were set for trial, and
the attorney for the insurance companies relied upon
him to do so. He did not know that judgments had
been rendered in the cases until the term at which they
were tried had lapsed. The attorney for the insurance
companies sent the answers to the clerk of the circuit
court in which the cases were pending by mail. He asked
the clerk to acknowledge receipt of the answers and
advise him when the cases would be set for trial. The
clerk answered the letter and acknowledged the receipt
of the answers. He also stated that it would be impos-
sible to tell just when the cases would be set for trial,
and said that civil cases were usually set by agreement
of the attorneys.

The attorney for the plaintiffs admitted having a
conversation with the attorney for the defendants about
setting the cases, but denied that he promised to notify
him when the cases were set for trial. The complaints
were filed in the cases against the insurance companies
in March, 1925, and the answers of the defendants were
filed in April, 1925. On September 26, 1925, the court
set the cases for trial on the 23rd day of October, 1925.
During the period of time between the filing of these suits
and their actual trial there were several adjournments
of the court. The second division of the circuit court
in which the cases were pending had just been created,
and the docket was considerably congested. On the 26th
day of September, 1925, the attorneys were called in
attendance upon the court, and the cases were set for

trial for the October term. Among other cases, the cases in question were set for trial on the 23rd day of October.

The court made a specific finding that he did not think that counsel on either side of the case tried to take any advantage of the other. The court found that, without any fault on his part, the attorney for the insurance companies was absent when the insurance cases were set for trial and tried by the court. He was not a member of the local bar, and the court found that the cases had been set hurriedly without notifying the attorney for the insurance companies. It is inferable from what the court said that it was the custom to set cases for trial, and that, on account of the congested state of the docket, the court was proceeding as expeditiously as possible to try the cases and clear the docket. The court seemed to take the blame on itself, and thought that, under all the circumstances, the judgments in the insurance cases should be vacated.

Under the peculiar circumstances of the case it cannot be said that the circuit court erred in finding that the cases had been set down for trial by mistake without notifying the attorney for the insurance companies, who did not reside in the city where the court was being held. It is inferable that it was the custom for the local bar to be called together and cases set for trial. This showed that it was the intention of the circuit court to have all interested attorneys notified when their cases were set for trial. By some mistake or inadvertence, this was not done in these insurance cases. The court, by its action in setting aside the judgments, evidently thought that the usual practice of notifying attorneys had not been complied with. The whole trend of his reasoning in vacating the judgments shows that it was his intention to have all interested attorneys notified that their cases were set for trial. It is an ancient maxim of the law that the action of the court shall injure no one. The circuit court evidently thought that his effort to clear the congested docket was the cause of the cases being set without any notification to the attorney for

the insurance companies. Under these circumstances it cannot be said that his finding that the judgment should be vacated on the ground of unavoidable casualty is without any substantial evidence to support it.

It follows that the judgment of the circuit court must be affirmed.