In 1916 William C. Lane, the defendant in the present chancery action, was the owner of a saloon, together with the chattels and fixtures therein contained, as well as the real estate upon which the same was situated, and which was commonly known at that time as No. 127 Passaic street, in the city of Passaic, county of Passaic and State of New Jersey.
In 1916, after the saloon and its fixtures had been sold to divers individuals, it was again sold for the last time to the present complainants, Scerbak and Patoray, for a consideration of $13,000, paid in the following manner: $4,000 in cash, and the balance by a note for $9,000, secured by a chattel mortgage on the chattels, stock and fixtures which were in the place of business at the time of the sale. It was understood that one-half of the sum, evidenced by the $9,000 note, was to be paid at the expiration of a period of five years. The note and mortgage were signed by both complainants.
On October 31st, 1916, the defendant leased the saloon in question to the Hygeia Brewing Company, with the condition that the chattel mortgage given by the complainants to Lane include the provision that the Hygeia Brewing Company *Page 499 
guarantee the monthly payment of interest on this mortgage. There has been no default by the Hygeia Brewing Company in this regard, even up to the date of the last hearing in this cause, as evidenced by the checks received by the defendant, bearing date as of that time. The lease recited the chattel mortgage given by the complainants to the defendant, and, as stated, it was provided therein as one of the conditions thereof, that the Hygeia Brewing Company guarantee the payment of monthly installments of interest as hereinbefore related, and it further provided that in the event of a default in this particular the total amount was to become due and payable at once.
On November 16th, 1921, there became due the sum of $4,500 as provided in the mortgage, but no payment on account of this principal sum was ever made.
On December 2d 1921, an agreement was entered into between the defendant and the Hygeia Brewing Company, according to the terms of which the Hygeia Brewing Company renewed its promise to continue the payment of interest on the mortgage executed by the complainants to Mr. Lane.
Because of the failure to pay the aforementioned sum of $4,500, in accordance with the agreement aforesaid, a suit was instituted by the attorneys for the defendant herein, William C. Lane, in the New Jersey supreme court, in 1922, for the entire sum of $9,000, as provided in the mortgage upon a default. The suit was predicated as upon an action on a promissory note.
On the 13th day of February, 1924, the law phase of this litigation came on for trial before Judge Newman and a jury at the court house, in the city of Paterson, New Jersey. There is no plea of fraud set up by the defendants in the lawsuit. At the time of the close of the plaintiff's case, motions for direction were made by the respective attorneys and the cause was removed forthwith from the consideration of the jury, and the trial court, acting under the authority of the Transfer of Causes act, 1912 (P.L. 1912 p. 417), directed the removal of the then pending action over to the jurisdiction of the chancellor. A bill was then filed incorporating a restraint against any further proceedings at law, and after *Page 500 
issue was joined, the case came on for hearing in this court. The theory of the chancery action was in the nature of a bill for cancellation based upon fraud. It presented, among other things, that the court impound a note and chattel mortgage and declare the same to be null and void, and direct that they be delivered up for cancellation on the grounds that they had been obtained by fraud, misrepresentation and a mistake of fact, and were given without consideration.
The contention of the complainants was that they, the complainants, were ignorant and illiterate Poles, who did not know the nature or contents of the instruments which they had executed, and the whole case revolved upon this particular question.
The defendant's contention is, that this court should dismiss the bill and direct a verdict to be entered in the court of law in favor of the plaintiff therein and against the defendants in the action commenced in the New Jersey supreme court by writ of attachment, and that the defendant in this cause, William C. Lane, be permitted to satisfy his judgment out of the proceeds that may be realized on the attachment in the court of law.
It has been established to my satisfaction that the defendant owned the land and buildings, and he, after several previous similar transactions, which did not remain permanent, sold the saloon business and fixtures, and the license, to these complainants, taking in payment $4,000 cash and a note for $9,000 for the balance of the purchase price, secured by a chattel mortgage. One-half of the chattel mortgage was to be paid at the expiration of a period of five years. The Hygeia Brewing Company also took a chattel mortgage, either to cover money advanced by them to the complainants or for stock in trade. There appears, also, to have been the usual provision that complainants should sell no other beer except that of the Hygeia Brewing Company, which also guaranteed the payment of the interest on the chattel mortgage given to the defendant. When the five-year period elapsed, in which one-half of the $9,000 note was to be paid, namely, 1921, the eighteenth amendment had become effective, and prohibition had been established. It is, doubtless, because of this that *Page 501 
the complainants failed to pay the note, or that portion of it which was payable at that time. By operation of law, also, the business had become unlawful, and naturally they had to quit. They were in the position, therefore, of being called upon to pay for something which did not exist and which was, of course, valueless to them. Naturally, they did not want to do this, and so they defaulted. A suit later on was brought in the law court by the present defendant against the present complainants, on the note, as has already been alluded to.
It appears that in the course of the trial Judge Newman conceived the case to be one which should be transferred to the court of chancery, and thereupon made an order to transfer the cause accordingly. Thereafter, the present bill was filed by the complainants. The ground of their application to equity for relief, to recapitulate, is that they were illiterate and unlearned in business ways, and that when they signed the note and chattel mortgage they did not know the nature or contents of the instruments which they had executed, and that, therefore, they should be relieved now from paying them.
It seems to me, in the first place, that the law court had jurisdiction, and that there was no specific ground of exclusive equitable jurisdiction involved. That being so, the case ofCurran v. Carrol, 101 N.J. Law 315, is authority for holding that the transfer of the cause by Judge Newman was erroneous, because it is only where a case is pending in a court that has nojurisdiction that the Transfer of Causes act applies, and permits the transfer to another court which has jurisdiction. That would lead to a dismissal of the present bill without further comment, in my judgment. But, aside from that question, it seems to me that complainants have not shown any ground for exclusive, equitable relief, and that the bill, therefore, should be dismissed, even on general principles, because the complainants have an adequate remedy at law. As to whether or not their ignorance of the effect of their act in assuming these obligations should operate to relieve them from paying them, or (which does not appear clearly in this suit) if there had been some fraudulent misrepresentation *Page 502 
to them regarding the effect of that act, it seems to me that a jury question is raised thereby, which should be determined in the court of law.
The defendant's request that the court of equity make a decree deciding in favor of the plaintiff on the note, and directing the law court to enter a judgment accordingly is, of course, entirely irregular. It is for the law court to determine what judgment should be entered in accordance with the verdict of the jury.
I will advise a decree in accordance with these views.