The question for determination herein is whether a court of equity may properly entertain a bill filed by a life insurance company after the death of the insured for the cancellation and surrender of the policy of insurance and to enjoin the beneficiary from bringing an action at law thereon, when the bill is wholly based upon fraud of the insured in obtaining the policy. That question has been raised by a motion of defendant to dismiss the bill on the ground of the existence of an adequate remedy at law.
My views touching the right of a court of equity to entertain a bill of this general nature are fully expressed inSmith-Austermuhl Co. v. Jersey Railways Advertising Co.,89 N.J. Eq. 12, and need not be here fully restated. They are to the general effect that the existence of a complete defense, based on fraud, in a court of law, falls short of and does not ordinarily constitute such an adequate remedy for the defendant as should impel a court of equity to refuse to entertain a bill filed by the defrauded party for cancellation and surrender *Page 405 
of the contract, since the opportunity to make that defense may be lost, or the ability to make it may be weakened, by studied delay of the other party; and further, that mere defense at law does not embrace the equitable relief of cancellation or surrender of a contract. The authorities in this state sustaining that view are there cited, to which should be added Gallagher
v. Lembeck Betz Eagle Brewing Co., 86 N.J. Eq. 188.
But in the present case an element exists which renders the relief now sought in this court peculiarly essential. The policy of insurance provides:
"This policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to double indemnity."
The insured died prior to the expiration of the two years period referred to in this incontestability clause and no action at law has been brought by the beneficiary. The bill against which the present motion has been made was filed after the death of the insured and before the expiration of the two years' period. Should the view be entertained that this incontestability clause contemplates the expiration of two years during the lifetime of the insured, and is not operative as a bar to a defense in the event of the death of the insured during the two years' period, obviously the existence of that clause in the policy of insurance is immaterial in this case.
But the clear weight of authority and reason are to the contrary. In the recent case of Mutual Life Insurance Co. v.Hurni Packing Co., 263 U.S. 167, Mr. Justice Sutherland has given this incontestability clause full consideration, including the aspect here involved, in the light of reason and authority. It is there held to be for the benefit of the insured during his lifetime and at his death immediately inures to the benefit of the beneficiary, and that it clearly contemplates that the two years' period there specified shall continue to run against the insurer in the event of the death of the insured during that period, and that it will afford a bar to the defenses which it excludes at the end of the period *Page 406 
named whether the insured be then alive or dead. An exhaustive collection of the authorities on that precise question and sustaining the views expressed in Mutual Life Insurance Co. v.Hurni Packing Co. will be found in 31 A.L.R. 108 et seq. The authorities to the contrary are collected at page 111 of the note.
In Northwestern Mutual Life Insurance Co. v. Pickering,293 Fed. Rep. 496, it was held that this incontestability clause continued to be operative after the death of the insured, but contemplated a contest in the nature of a litigation; hence, the rights of the insured to contest within the stated period were not preserved by a mere denial or repudiation by the insurer of its liability under the policy, accompanied with a tender of the premiums paid. And in the recent case of New York Life InsuranceCo. v. Renault, 11 Fed. Rep. (2d Series) 281, Judge Bodine, of the federal district embracing this state, in a cause presenting precisely the situation of the parties herein, held that no adequate remedy at law existed and that the insurer was privileged to maintain a bill in equity for cancellation and rescission.
The present bill has been filed within but a few months of the expiration of the period during which the insurer may contest the rights of the beneficiary. The situation presented is clearly one in which the inherent jurisdiction of a court of equity to relieve from the consequences of fraud should be exercised, even though the fraud disclosed by the bill would be available as a defense in a court of law.
It is also urged in support of the motion that the bill discloses that the policy of insurance was a Pennsylvania contract, and Oplinger v. New York Life Insurance Co., 253 Pa. 328,
is referred to in support of the claim of want of equity jurisdiction. I find nothing in the case cited to support that contention. *Page 407