## LEVINE et al. v. WHITNEY et al.
## No. 482.

District Court, D. Rhode Island.

Dec. 22, 1934.

Henry C. Hart (of Curran, Hart, Gainer & Carr), of Providence, R. I., for petitioners.

Harry Parsons Cross (of Greenough, Lyman & Cross), of Providence, R. I., and Arthur S. Phillips, of Fall River, Mass., for respondents.

LETTS, District Judge.

This is a bill in equity brought by Meyer Levine and Timothy F. O'Brien v. Vernon H. Whitney and Joseph A. Cohen, Conservator of Vernon H. Whitney.

The bill prays for the issuance of a temporary and permanent injunction restraining the respondents from further prosecuting in the state court of Massachusetts an action at law upon a certain mortgage note, and asks further that said note be canceled and surrendered to the petitioners. The essential facts are as follows:

In June, 1920, the respondent Vernon H. Whitney executed a warranty deed of certain real estate located in the city of New Bedford, Mass., which deed purported to convey to the petitioners said property. This deed was delivered and recorded October 5, 1920. As consideration for said deed, the petitioners paid $11,000 in cash and executed a mortgage note in the principal sum of $11,-000 secured by a mortgage upon said property. Within two years from the date of this conveyance the petitioners sold and conveyed this property to one Edward Levy, who assumed and agreed to pay the aforementioned mortgage note. Early in 1933, the mortgage being in default because of the nonpayment on the part of Levy of tax, interest, and principal obligations, foreclosure proceedings were instituted and the property sold at public auction. It was bid in or purchased for respondent Vernon H. Whitney for $5,000.

In February, 1933, a suit was instituted against the petitioners by one Joseph A. Cohen, as conservator of the estate of respondent Whitney, to recover the deficiency on the mortgage note. This suit was begun in the superior court of Bristol county, Mass., and is there now pending awaiting trial. The present action was instituted October 26, 1934.

An examination of the bill, together with the testimony and arguments presented by counsel, indicates pretty clearly that the purpose of instituting the present action was to avoid defending against the pending suit in Massachusetts and was motivated by the following considerations:

The petitioners contend that as of the dates that the deed to this property was executed and delivered to the petitioners Vernon H. Whitney was insane. While I purposely refrain from passing upon this issue that there may be no findings here to affect the trial of the issue between the parties in the Massachusetts court, it is patent from the testimony presented that there is strong evidence in support of this contention. The petitioners, obviously predicating their action upon the assumption of such insanity and confronted with the settled rule in Massachusetts that an instrument of this character there executed by an insane person is voidable and not void, seek to transfer the adjudication of the cause into this, a federal, court upon the belief that the rule here to be ap-

162

plied is that the deed when executed and delivered was not merely voidable but void, affording therefore no consideration for the note in question.

The petitioners, in support of their argument as to the proper rule of law to be applied by a United States court, cite several cases. Part of these involve the validity of marriage contracts with insane parties. Obviously, these are not in point, as very definite collateral considerations of public policy, of necessity, intrude.

Chief reliance, however, is placed upon the case of Dexter v. Hall, 15 Wall. 9, 21 L. Ed. 73, decided in 1872 and the opinion therein written by·Mr. Justice Strong. While it may be noted that the issue in that case involved the question of whether a power of attorney executed by an insane person was void or voidable, the generality of the language of the court gives considerable support for the contention that the decision is likewise in point in respect to the standing of a deed purporting to convey real estate when executed by an insane person.

■ It is unnecessary for me to now examine the question of whether the instant case involves a question of general commercial law so that the federal court is at liberty to apply a rule differing from that prevailing in the state where the transaction occurred, or whether it in reality is so associated with a question of real estate title as to necessitate the court applying the rule prevailing in such state. The examination of this question, I say, is here unnecessary as I am convinced that the reasoning of the court in Dexter v. Hall would not now be applied by that court in a transaction such as the one before us. I am satisfied that the Supreme Court would hold that this transaction was not void nor even voidable by the petitioners here.

In the case of Luhrs v. Hancock, 181 U. S. 567, at page 574, 21 S. Ct. 726, 729, 45 L. Ed. 1005, decided in 1901, the court there said: "The third and fourth exceptions to testimony were based on the alleged insanity of Mrs. Hancock when she executed the note and mortgage to Allstatter. But we do not think that inquiry was open to the appellant. The deed of an insane person is not absolutely void; it is only voidable; that is, it may be confirmed or set aside."

■ In view of this situation, I perceive no possible basis upon which the present bill can be supported. The Massachusetts court clearly has jurisdiction. The action there brought involves all phases of the subject-matter of this suit. There would appear to be no considerations either of law or fact which could here be presented in support of this bill that could not be presented in defense of the pending action at law.

I am disinclined to pass upon the jurisdictional question presented as it might involve, relative to the question of residence, a determination of the sanity of Vernon H. Whitney as of a time significantly associated with the date of the transaction from which the present dispute arises. It is preferable that there here be no adjudication beyond the finding that there have been established no grounds for equitable relief.

Bill dismissed; taxable costs will be allowed.