The bill in this case asks for the reformation of an insurance policy issued by the complainant to the defendant Samuel Rothstein and also asks that the defendants be restrained from continuing or bringing an action at law for recovery of disability benefits under the policy as it existed at the time this bill was filed. Complainant seeks reformation in such manner that the true age of the defendant Samuel Rothstein will appear in the policy in place of his age now stated therein.
The policy was issued on March 11th, 1925. The defendant Samuel Rothstein in his application for the insurance policy stated that he was born on October 16th, 1874. The policy contains a provision as follows:
"If the age of the insured has been misstated, any amount payable under any of the provisions of this contract shall be that amount which the premium charged would have purchased at the Society's rates in use at the registered date hereof for the insured's correct age."
Chapter 72, P.L. 1907 p. 133, provides that no policy of insurance shall be issued unless it contains "a provision that if the age of the insured has been understated the amount payable under the policy shall be such as the premium would have purchased at the correct age." I find from the evidence that the defendant Samuel Rothstein was mistaken as to his true age at the time he signed the application and that as a matter of fact he was born on July 25th, 1870, instead of October 16th, 1874, as stated therein. The application of the defendant Rothstein became under the terms of the policy a part thereof. Rothstein became disabled after he reached sixty years of age. Payments were made by the complainant company amounting to $350 before the error as to the age of the defendant Rothstein was known to complainant. The provision for disability benefits before the age of sixty is as follows:
"Disability benefits before age sixty shall be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or *Page 608 
disease after this policy became effective and before its anniversary upon which the insured's age at nearest birthday is sixty years, in which event the Society will grant the following benefits:
"(b) Pay to the insured a monthly disability annuity. * * *."
Disability benefit provision after age sixty is as follows:
"In case the Insured after attaining age sixty and while this policy is in full force and effect, becomes totally and permanently disabled as above described, and furnishes due proof thereof, the Society, subject to the conditions above stated, will on each subsequent anniversary date of this policy during the continuance of such disability waive payment of the premium, if any, for the ensuing policy year, whereupon the amount of insurance shall become reduced by the amount of premiums so waived and subsequent premiums and loan and surrender values shall be reduced proportionately."
Defendants contend that the incontestability clause of the policy prevents this court from making any decree in accordance with the prayer of the bill. The incontestability clause referred to, is as follows:
"This policy shall be incontestable within one year from its date of issue, provided premiums have been duly paid subject to the provisions as to age stated on the third page."
The first question, therefore, to be decided is: Is this action a contest of the validity of the policy? It does not seem to me that it is. I find no cases in this state exactly in point. The United States circuit of appeals in the case of ColumbianNational Life Insurance Co. v. Black, 35 Fed. Rep. 2d571, held that a suit to reform a policy of insurance after the period of incontestability had expired was not a contest of the policy. In the Black Case the insured had applied to the company for life insurance. The policy was issued and the premium paid. It appears that an error was made, in the writing of the policy. The error consisted of an option for endowment which was not intended to be included and was not discovered until twenty years thereafter when the plaintiff demanded payment under said option. The policy contained an incontestability clause similar to the one in the policy in question. The case was appealed from the United States district court to the circuit court of appeals. On the appeal the court said: *Page 609 
 "The Incontestable Clause. Both the policy applied for and the one issued provide, in substance, that `after one year from date hereof this policy shall become incontestable,' save for non-payment of premiums. It is claimed that this provision bars this action. The contention is not sound. This is not a contest of the policy, but a prayer to make a written instrument speak the real agreement of the parties. It would hardly be suggested that an assured, who brings an action to reform a policy and to recover under it as reformed, was contesting the policy within the meaning of this clause. Yet the clause is not one-sided, and the right of the assured to have the writing express the agreement actually made is no greater than the right of the assurer."
In the case of Sanders v. Jefferson Standard Life InsuranceCo., 10 Fed. Rep. 2d 143, the circuit court of appeals of the fifth circuit said:
"A provision for incontestability does not have the effect of converting a promise to pay on the happening of a stated contingency into a promise to pay whether such contingency does or does not happen. It cannot properly be said that a party to an instrument contests it by raising the question whether under its terms a liability asserted by another party has or has not accrued. The maker of a promissory note payable one year after date would not contest it by resisting an attempt to enforce it before it was due. We are of opinion that within the meaning of the provision for incontestability, the insurer did not contest the policy by invoking the terms of the double indemnity provision, and that it was open to the insurer to deny the liability asserted on the ground that the contingency in which double indemnity was payable did not occur."
In the case of Illinois Bankers' Life Association v.Byassee, 169 Ark. 230; 275 S.W. Rep. 519; 41 A.L.R. 379, the court said:
"Counsel for appellant contended that the two-year incontestable clause in the policy excludes the defense or failure to furnish proof of loss. Not so. That clause has no application to the requirement for furnishing proof of loss. The *Page 610 
defense of failure to make proof of loss under the policy is not a contest of the policy itself, but it is an assertion by way of defense of a failure to perform a condition precedent to recovery."
Defendants in their brief cite a number of cases among which are the following: Drews v. Metropolitan Life Insurance Co.,79 N.J. Law 398; Prudential Insurance Company of America v.Connallon, 106 N.J. Eq. 251; Travelers Insurance Co. v.Leonard, 120 N.J. Eq. 6. The above cases are distinguishable from the case now before me. The Drews Case was an action brought in a court of law for recovery of the amount due on a policy more than two years after the policy had been written. In the Connallon Case the bill was filed to declare the policy void ab initio on the ground that the assured was not in sound health and was obtained by fraudulent representations made by him as to his health. In that case there was a contest of the policy itself. In the Leonard Case the insurance company attempted to cancel the policy after the period of incontestability had expired. That clearly was a contest of the policy itself.
Defendant contends that even though the policy of insurance is reformed to meet the contract intended to be entered into between the parties, the court cannot restrain the action at law for the recovery of the benefits. The rule is that where a court of equity has obtained jurisdiction over a portion of a controversy it may proceed to determine the whole issue and grant complete relief. In the present case counsel for complainant has agreed to waive the recovery of any benefits already paid. If the policy is reformed as above stated, defendant is bound by such terms and conditions as may apply to him at his true age as stated in the reformed policy.
I will, therefore, advise a decree reforming that part of the policy which erroneously states the age or the birth of the defendant Samuel Rothstein, and restrain the defendant from proceeding in an action at law for the recovery of the disability benefits except such as may exist under the reformed policy. *Page 611