### METROPOLITAN LIFE INS. CO. v. SCHNEIDER et al.

Civ. A. No. 967.

District Court, D. New Jersey.

July 19, 1940.

McCarter, English & Egner, of Newark, N. J., for plaintiff.

Frankel & Frankel, of Asbury Park, N. J., for defendants.

FORMAN, District Judge.

On June 16, 1922 and December 24, 1926 plaintiff issued policies of insurance on the life of the defendant Simon Schneider in the sum of $5,000 and $20,000 respectively, both of which designated the co-defendant, Rae H. Schneider, wife of the insured, beneficiary. By the terms of a supplemental agreement attached to and a part of each policy, the plaintiff contracted to pay the insured certain fixed money benefits in the event the insured became totally and permanently disabled before he attained the age of sixty years. In the application for each policy the insured stated his date of birth to be December 17, 1880.

On March 7, 1940 the insured commenced an action at law in the District Court of the County of Monmouth, State of New Jersey, to enforce disability payments under the policy of $5,000 upon the plaintiff's refusal to respond under the terms of the policy upon notice that the insured on or about July 17, 1939, and prior to attaining his sixtieth year, had become totally and permanently disabled. No action has been brought for disability payments under the policy of $20,000.

On May 29, 1940 plaintiff began an action in this court to reform the insurance policy to state the true age of the insured. The ground of reformation is either mutual mistake, or mistake on the part of the plaintiff coupled with fraud on the part of the defendant, Simon Schneider. Affidavits annexed to the complaint show that in an application for citizenship, the insured made affidavit to the naturalization authorities that he was born on March 17, 1875. If this date be the correct date of

birth, the insured would have been more than sixty years of age at the time of the alleged total and permanent disability.

In addition, plaintiff asks this court to restrain the proceedings in the matter presently pending before the Monmouth County District Court.

An order was issued by this court returnable June 3, 1940 directing the insured, Simon Schneider, to show cause why a preliminary injunction should not issue to restrain the pending action in the Monmouth County District Court, and the matter comes before us on the argument on the order to show cause.

The problem involves a construction of Section 265 of the Judicial Code, 28 U.S.C.A. § 379, providing as follows: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

Only a superficial examination of cases dealing with this statute is necessary for the conclusion that the above prohibition against injunctions with the one reservation is a flexible rule of law. Hence, our problem is whether or not this statute is applicable to the case at bar.

Defendants' reliance upon the statute is based upon the fact that the state court first acquired jurisdiction of the controversy, and upon the contention that the allegations set forth in the complaint herein are equally available as a defense to the legal action.

Plaintiff in rebuttal argues that it is immaterial that the state court first acquired jurisdiction of the controversy, and the fact that it has a defense to the action at law is not the equivalent to nor does it preclude its relief in equity.

In the case of Smith v. Apple, 264 U.S. 274, 44 S.Ct. 311, 68 L.Ed. 678, the Supreme Court with reference to this statute stated, " * * * It is not a jurisdictional statute. It neither confers jurisdiction upon the District Courts nor takes away the jurisdiction otherwise specifically conferred upon them by the Federal statutes. It merely limits their general equity powers in respect to the granting of a particular form of equitable relief; that is, it prevents them from granting relief by way of injunction in the cases included within its inhibitions. In short, it goes merely to the question of equity in the particular bill. See Simon v. Southern Railway, 236 U.S. 115, 116, 122–124, 35 S.Ct. 255, 59 L.Ed. 492; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 185, 41 S.Ct. 93, 65 L.Ed. 205; Public Service Co. v. Corboy, supra [250 U.S. 153], page 160 (39 S.Ct. 440) [63 L.Ed. 905]; National Surety Co. v. State Bank [8 Cir.] 120 F. 593, 604, 56 C.C.A. 657, 61 L.R.A. 394. This Section, as settled by repeated decisions of this court, does not prohibit in all cases injunctions staying proceedings in a State court. Such injunctions may be granted, consistently with its provisions, in several classes of cases. See Wells Fargo & Co. v. Taylor, supra, at page 183 [of 254 U.S.] (41 S.Ct. 93) [65 L.Ed. 205], in which many decisions on this question are collated and classified." 264 U.S. 274, 279, 44 S.Ct. 311, 313, 68 L.Ed. 678.

In the case of Wells Fargo & Co. v. Taylor, 254 U.S. 175, 183, 41 S.Ct. 93, 96, 65 L.Ed. 205, the Court in commenting on the statute stated, " * * * As with many other statutory provisions, this one is designed to be in accord with, and not antagonistic to, our dual system of courts. In recognition of this it has come to be settled by repeated decisions and in actual practice that, where the elements of federal and equity jurisdiction are present, the provision does not prevent the federal courts from enjoining the institution in the state courts of proceedings to enforce local statutes which are repugnant to the Constitution of the United States (Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas. 1917B, 283; Missouri v. Chicago, Burlington & Quincy R. R. Co., 241 U.S. 533, 538, 543, 36 S.Ct. 715, 60 L.Ed. 1148), or prevent them from maintaining and protecting their own jurisdiction, properly acquired and still subsisting, by enjoining attempts to frustrate, defeat or impair it through proceedings in the state courts (French v. Hay, 22 Wall. 250, note, 22 L.Ed. 857; Julian v. Central Trust Co., 193 U.S. 93, 112, 24 S.Ct. 399, 48 L.Ed. 629; Chesapeake & Ohio Ry. Co. v. McCabe, 213 U.S. 207, 219, 29 S.Ct. 430, 53 L.Ed. 765; Looney v. Eastern Texas R. R. Co., 247 U.S. 214, 221, 38 S.Ct. 460, 62 L.Ed. 1084) * * *."

And in the case of Alliance Ins. Co. of Philadelphia v. Jamerson, D.C., 12 F.Supp. 957, the court observed, "The true state-

ment seems to be that, while by the act a limitation upon equitable jurisdiction is created, this statutory prohibition does not prevent the federal court from enjoining the *maintenance or institution* of suits in the state court which would interfere with or frustrate equity jurisdiction, if such is presented by the bill." (Italics supplied.) 12 F.Supp. 957, 963. See also, Ruhlin v. New York Life Ins. Co., 3 Cir., 93 F.2d 416, reversed on other grounds in 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290, and Maryland Casualty Co. v. Tighe, D. C., 29 F.Supp. 69.

The defendants do not contend that the elements of federal jurisdiction are lacking herein. They oppose equitable jurisdiction, however, on the ground that plaintiff may assert its equitable claims defensively in an action at law. In support of this contention defendants cite cases showing concurrent jurisdiction in the courts of law and equity over fraud. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Victor Talking Machine Co. v. Caubre, 115 N.J.Eq. 174, 169 A. 669, affirmed, 116 N.J.Eq. 592, 174 A. 525; Scerbak et al. v. Lane, 102 N.J.Eq. 497, 141 A. 582; Commercial Trust, etc., Bank v. Hamilton, 99 N.J.Eq. 492, 133 A. 703, and other cases denying equitable relief where jurisdiction over the two cases is common. Levine v. Whitney, D.C., 9 F.Supp. 161, etc.

The plaintiff demurs to this contention on the ground that mere defense at law is not enough. It insists upon complete equitable relief and relies upon the case of New York Life Ins. Co. v. Steinman, 103 N.J. Eq. 403, 143 A. 529, from which the following pertinent quotation is taken: " * * * the existence of a complete defense, based on fraud, in a court of law, falls short of and does not ordinarily constitute such an adequate remedy for the defendant as should impel a court of equity to refuse to entertain a bill filed by the defrauded party for cancellation and surrender of the contract, since the opportunity to make that defense may be lost, or the ability to make it may be weakened, by studied delay of the other party; and, further, that mere defense at law does not embrace the equitable relief of cancellation or surrender of a contract." 103 N.J. Eq. 403, 404, 143 A. 529.

This quotation does not seem to contemplate a prior pending suit at law as we have here against the party seeking equity. On the contrary, the reasons advanced are based upon a deferred action at law. The later New Jersey case of Metropolitan Life Ins. Co. v. Stern, 124 N.J.Eq. 391, 2 A.2d 51, takes note of this distinction and declares the increased reluctance of courts of equity to enjoin prior pending suits at law where there is concurrent jurisdiction. The case also contains this pertinent observation: " * * * this court will exercise its jurisdiction in such a case, where it is satisfied that under the particular circumstances of that case complainant is, or may well be, entitled to the aid of equity in order to obtain rights which he could not obtain in a court of law or fuller and more complete relief than that which would accrue to him by virtue of a judgment at law. So in New York Life Insurance Co. v. Steinman, 103 N.J.Eq. 403, 143 A. 529, motion to dismiss the bill, on the ground that complainant had an adequate remedy at law, was denied; likewise in Smith-Austermuhl Co. v. Jersey Rys. Adv. Co., 89 N.J.Eq. 12, 103 A. 388; Prudential Insurance Co. v. Merritt-Chapman, etc., Corp., supra [111 N.J.Eq. 166], and the many cases therein cited at page 169, 162 A. 139." 124 N.J.Eq. 391, 393, 2 A.2d 51, 53.

It should be noted that herein we are not confined merely to allegations of fraud. In addition, mistake is alleged and reformation is sought. Such relief is exclusively within the field of equity. Cf. Equitable Life Assur. Soc. v. Wert, 8 Cir., 102 F.2d 10. For a case strikingly similar to the one at bar in which an injunction against a prior pending legal proceeding issued, see the case of Equitable Life, etc., of United States v. Rothstein, 122 N.J.Eq. 606, 195 A. 723.

There remains for consideration the contention that the statute prohibits the issuance of an injunction against a prior pending legal proceeding. The following cases uphold this contention—Jewel Tea Co. v. Lee's Summit, D.C., 198 F. 532; Chicago, etc., Bank v. Bentz, C.C., 59 F. 645; Hamilton v. Walsh, C.C., 23 F. 420, and Puget Sound Power & Light Co. v. Asia et al., D.C., 2 F.2d 485. On the other hand, other courts have issued injunctions notwithstanding the pendency of proceedings before the state courts. Standard Surety, etc., Co. v. Baker, 8 Cir., 105 F.2d 578; American Optometric Ass'n v. Ritholz, 7 Cir., 101 F.2d 883; Ruhlin v. New York Life Ins. Co., 3 Cir., 93 F.2d 416; Provident Mut. Life Ins. Co. v. Parsons, 4 Cir., 70

F.2d 863; Maryland Casualty Co. v. Tighe, D.C., 29 F.Supp. 69; Alliance Ins. Co. of Philadelphia v. Jamerson, D.C., 12 F.Supp. 957. Also see Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205 (collection of judgment in state court enjoined).

In the case of Brown v. Pacific Mut. Life Ins. Co., 4 Cir., 62 F.2d 711, the following statement is found: "* * * the power of a federal court of equity to protect its jurisdiction is plenary. And the real question raised by the contentions of defendant is not as to conflict between state and federal jurisdictions, but the old question as to the extent of the power in equity to enjoin the prosecution of proceedings at law; for it is only for the purpose of protecting its jurisdiction that equity has ever enjoined the prosecution of such proceedings. Pomeroy's Equity Jurisprudence (4th Ed.) vol. 4, § 1360. Professor Pomeroy treats this question at length in his Equity Jurisprudence. See sections 1360 to 1365 of the fourth edition. He points out that in suits over which courts of law and equity have a concurrent jurisdiction, as they have in cases of fraud, and in which the only question between the two courts relates to the adequacy of the legal remedy, the court which first exercises jurisdiction is entitled to retain an exclusive control of the issues. In such cases equity will not enjoin an action at law, if the latter be first commenced, and if the remedy at law be adequate. If the remedy at law be inadequate, however, equity will enjoin the legal proceeding even though commenced first." 62 F.2d 711, 713.

While it is true, as defendants herein assert, that the plaintiff could establish in the state court action the erroneous representation of the age of the insured, if that be the fact, as a defense, a judgment in its favor would not constitute the complete remedy afforded in equity by way of reformation of the policy to which it claims it is entitled. Again, as defendants assert, such a defense might well amount to res adjudicata, but it would not wholly prevent the institution of other suits and render the plaintiff immune to circuitous litigation.

■ We conclude that the complaint herein presents equitable grounds for relief which could not be determined in the action at law, and that a preliminary injunction should issue to restrain the action brought by the insured, Simon Schneider, against the plaintiff herein in the Monmouth County District Court.