HENRY C. PITNEY, JOHN R. EMERY, FREDERIC W. STEVENS, MARTIN P. GREY, EUGENE STEVENSON, JAMES J. BERGEN AND LINDLEY M. GARRISON, VICE-CHANCELLORS.

MALVINA V. DAWSON

*v.*

SIEGFRIED LESCHZINER et al.

[Decided January 15th, 1907.]

1. A bill disclosed that complainant employed defendants as real estate brokers to procure a purchaser for lands which complainant desired to sell; that defendants procured a purchaser who was willing to give

1

$5,500 therefor; that defendants did not disclose to complainant the sum the purchaser was willing to give, but assured complainant that $5,062 was the best price they could obtain, and thereupon complainant contracted to, and did, convey her land to the purchaser, and received therefor only $5,062 of the $5,500 paid to defendants.—*Held,* that the bill praying for an accounting and a decree for the excess paid to defendants over the amount received by complainant is not demurrable on the ground that complainant has a complete remedy at law.

2. Whether complainant has a complete remedy at law may be doubtful, but if she has, equity will maintain jurisdiction to grant appropriate relief because of the fraud disclosed.

On demurrer to bill.

*Mr. Samuel F. Leber,* for the demurrants.

*Mr. Henry H. Dawson, contra.*

MAGIE, CHANCELLOR.

The bill demurred to presents the following facts: Complainant was the owner of real estate in the city of Newark, and employed the defendants, who were at that time partners conducting a real estate business in Newark, to sell her property at the price of $5,500. The defendants notified complainant that they had an offer of $5,000 for the property, and advised her to accept it. Thereafter, the complainant agreed to sell her property for $5,062, which she was assured by the defendants was the best price they could obtain for it, and she signed an agreement to convey the property to Hugo Sutor for $5,062. Afterward complainant, with her husband, executed and delivered a deed for the property to Hugo Sutor for $5,062, for which price the complainant received a bond and mortgage for $4,000, and the balance of the purchase price in cash, less the brokerage charged by the defendants. Since that time complainant has discovered that Sutor, instead of paying to defendants for complainant $5,062 for the property, really paid them $5,500; that Sutor had previously told the defendants that he would pay $5,500 for the property before complainant signed the agreement to sell for $5,062, which fact was fraudulently concealed from complainant by the defendants. Defendants, instead of

accounting to complainant for $5,500, the amount received by them, only accounted to her for $5,062.

Upon these statements the complainant prayed for an accounting, and a decree directing the defendants to pay to the complainant $438, less two and one-half per cent. commission.

The defendants present several grounds of demurrer. The first, and the one principally argued, is that the complainant has adequate relief at law and may there recover the amount which she now seeks to have decreed to be paid to her.

This court has a general jurisdiction in cases of fraud, as well in cases where the remedy at law is plainly adequate and complete, as in other cases. But when the remedy at law is plainly adequate and complete, the court of chancery is reluctant to exercise its jurisdiction, and will not do so unless the administration of justice will be thereby plainly facilitated. *Eggers* v. *Anderson, 63 N. J. Eq. (18 Dick.) 264.*

It may perhaps be questioned whether the complainant has a complete and adequate remedy by a resort to an action at law. The case differs from that of *Krueger* v. *Armitage, 58 N. J. Eq. (13 Dick.) 357,* and from *Polhemus* v. *Holland Trust Co., 59 N. J. Eq. (14 Dick.) 93,* and *61 N. J. Eq. (16 Dick.) 654.*

In each of the cases last stated the defendants had procured from the complainants money of the complainants by false and fraudulent representations, so that the complainants' right to the money could be considered to be unaffected by the fraudulent transaction. In the case now before us, the defendants have received from a third party money which in equity ought to go to the complainant. In an action at law to recover that money the complainant would be met with a defence founded upon her written agreement to convey the property for the sum of $5,062, and with the fact that she had afterward executed and delivered a deed for the property to the purchaser at that price. So that without deciding that no action at law would lie, it at least is not clear that that action would be complete and adequate to relieve the complainant.

In the case made by the bill the real estate agents employed to sell have concealed from the complainant facts which they were bound to make known to her, viz., that the purchaser they

had procured for the property was willing and ready to give $5,500 for it. In the case of *Young* v. *Hughes, 32 N. J. Eq.* (*5 Stew.*) *372,* the relation of a real estate broker with his principal was under consideration in the court of errors and appeals, and it was adjudged that the broker so employed became an agent with a fiduciary relation which required of him fidelity and good faith toward his employer within the sphere of his employment. Among other things, it was declared that the broker was bound to disclose to his principal all facts within his knowledge which might be material to the matter in which he was employed. In that case the concealment of facts was held to justify the court of chancery in refusing to enforce a contract of sale made by the procurement of a broker who was guilty of concealment with the connivance of the purchaser.

The case here presented discloses a fraud by a fiduciary agent upon his principal, and considering the fact that it may be doubtful whether the principal may be relieved in a court of law, the court of chancery should maintain its jurisdiction to enforce proper relief.

The bill is not objectionable on that ground.

It is secondly objected that the complainant has been guilty of laches. The sale of the property took place in June, 1904. The fraud was not discovered until December, 1904, and this bill was filed in April, 1906. It is not perceivable that this delay in seeking relief is laches, for which the bill should be dismissed.

It is thirdly presented as a ground for demurrer that no jurisdictional facts have been stated supporting the decree sought in this bill. The statements above made dispose of this objection. The bill sufficiently states a jurisdiction in the court and adequate relief may be here granted.

The demurrer must be overruled.