PASQUALE MAZZOLLA

v.

EDWIN WILKIE et al.

[Decided March 19th, 1907.]

1. An agent of an insurance company collected insurance money under a power of attorney from the beneficiary and deposited it with a third person, who refused to deliver it to the beneficiary unless the beneficiary would give him one-half thereof to pay to the agent pursuant to an alleged agreement between the beneficiary and the agent.—*Held*, that the beneficiary could bring an equitable action against the agent and the third person to impress the money in the third person's hands with a trust in favor of the beneficiary, and after adjustment to compel the payment of the money to the complainant.

2. The court of chancery possesses a general jurisdiction in cases of fraud, as well where there is a plain, adequate and complete remedy at law, as in other cases.

On demurrer to bill.

*Messrs. McCarty & McMahon,* for the complainant.

*Messrs. Melosh & Morten,* for the demurrant Edwin Wilkie.

GARRISON, V. C.

This is a demurrer to a bill. From facts charged in the bill the following sufficiently appears:

The complainant was the beneficiary named in life insurance policies upon the life of his wife to amounts aggregating $4,000, payable to him at her death. The same accident which caused her death, namely, the leakage into their sleeping apartment of illuminating gas, seriously affected him, so that he was taken to a hospital for treatment. While in the hospital, Wilkie, the agent who had effected the insurance, prevailed upon the complainant to give to him a power of attorney to collect the insurance money. He effected this by assuring the complainant that

he was the only one who could collect the money. The complainant is an Italian who speaks and understands the English language with great difficulty. Subsequently, upon representations by Wilkie that the first power of attorney was insufficient, the complainant made a second power of attorney to Wilkie, in which the following words were "fraudulently" inserted:

"To pay all necessary and lawful expenses for the proper release and collection of each of said policies, and, after paying all necessary and legal expenses thereon or arising thereunder, to retain to himself for his services, the amount hereto agreed between us for that purpose and to pay me the balance in his hands as soon as the same is received by him from the said companies."

It is charged that the complainant never made any agreement with said Wilkie to pay him any sum for his services.

Subsequently the money was collected by Wilkie, and upon the complainant applying to him for the same Wilkie informed the complainant that he had deposited the money in the hands of his lawyer, Henry J. Melosh, of Jersey City. The complainant thereupon applied to Melosh, who refused to pay him the money, or any part thereof, unless complainant would give to him one-half thereof to pay to Wilkie pursuant to an agreement which Melosh stated the complainant had made with Wilkie. There is then a charge that the agreement as alleged was procured by fraud from the complainant, and that false representations were made by Wilkie.

The prayer is that the money in the hands of Melosh may be decreed to be held in trust for the complainant, and that Melosh or Wilkie may be decreed to pay the complainant, and that the alleged agreement may be decreed null and void, and that in the meantime Melosh and Wilkie be restrained and enjoined from paying out or disposing of the said money.

It is difficult, because of the phraseology of the bill and its construction, to determine whether the pleader intends to charge that the power of attorney was procured by fraud and misrepresentation, or that the agreement referred to in the power of attorney was so procured, or that the clause inserted in the power of attorney was the fraudulent matter complained of. If the bill were attacked by notice under the rules, I am inclined to

think that it would be entirely proper to require the complainant to more clearly state, for the defendant's benefit, the matters complained of, but in the face of a general demurrer the bill must be sustained, if it is possible, from the charges contained in it, to spell out an equity in favor of the complainant.

The demurrer is filed by Edwin Wilkie, one of the defendants, and attacks the bill upon two grounds—*first,* because the bill is without equity, and *second,* because there is a complete and adequate remedy at law.

I do not think that the bill is without equity. The complainant alleges—leaving out, for the present, all charges of fraud—that his agent, under a power of attorney specifying, among other things, that he was to collect the money, and after making certain deductions therefrom was to pay it over to the complainant, had collected the money and, instead of paying it over, had deposited it with a third person. The suit is against the agent and such third person to impress the money in the hands of the third person with the trust, and, after adjustment, to compel the payment of the money to the complainant. Under these circumstances I do not see how the complainant could bring an action at law successfully. If he sued the agent and the depositary together he would fail, because he has no cause of action against them jointly, or any cause of action which could be litigated in a suit at law to which they were both parties.

If he sued the agent separately he could, of course, recover a judgment, but it would be without effect upon this particular property, which is not in the agent's possession, and one situated as this complainant is surely is not required to forego his remedy against money earmarked as this is.

If he proceeded at law against the depositary alone he would fail, because the depositary would only be required to pay it over to him after the rights of the agent in the money were settled.

A court of equity is the only tribunal, under our system, which can settle and adjust the various rights of these parties.

The principle involved is illustrated and enforced in the case of *Leonard* v. *Camden National Bank, 70 N. J. Law (41 Vr.) 660 (Court of Errors and Appeals, 1904).* As is there said, the sole obligation of the depositary is to hold the fund until the

rights of the claimants are settled between themselves, and then to surrender the fund to the rightful claimant.

In the situation disclosed by the bill under consideration the only obligation which Melosh seems to have undertaken is to hold the money until the rights of Wilkie and the complainant are settled with respect thereto. Under such circumstances equity has jurisdiction.

This, of course, leads to an overruling of the demurrer.

Because of the conclusion just reached and stated I do not think it necessary to consider or determine whether, by reason of the charges of fraud, this is one of those cases in which equity will retain jurisdiction, notwithstanding that there is a plain, adequate and complete remedy at common law. The court of chancery in this state possesses a general jurisdiction in cases of fraud, as well where there is a plain, adequate and complete remedy at law as in other cases. *Eggers* v. *Anderson, 63 N. J. Eq. (18 Dick.) 264 (Court of Errors and Appeals, 1901)* ; *Dawson* v. *Leschziner, 65 Atl. Rep. 449 (Chancellor Magie, 1907)*.

I will advise a decree that the demurrer be overruled, with costs.