ABRAHAM L. SCHOENFELD, &c.,

*v.*

MICHAEL WINTER.

[Decided December 14th, 1909.]

1. Where the jurisdiction of courts of law and equity for the redress of frauds is concurrent, equity should entertain the cause and determine it on its merits, provided adequate relief cannot be obtained at law.

2. A bill to rescind a contract relating to the sale of personal property under a lease, alleging that the contract was induced by representations which were false and which the defendant knew were false, though stating facts sufficient to support a common-law action for deceit, is cognizable in a court of equity.

On demurrer to the bill of complaint.

*Mr. William H. Osborne,* for the complainant.

*Mr. William A. Lord,* for the defendant.

HOWELL, V. C.

The bill in this case is filed to procure a decree rescinding a contract alleged to have been made between the defendant, Winter, and two persons as partners, one of whom is dead, the complainant being the survivor. The contract related to the purchase and sale of personal property and a lease. At the time of the filing of the bill, a motion was made for a preliminary injunction to restrain an action at law arising out of the contract relation. This motion was denied upon the ground that the supreme court had practically decided that the action was properly brought. A demurrer is now interposed to the bill upon the ground principally that the cause of action set out therein is one which is cognizable in the courts of common law.

The bill sets out a cause of action which would undoubtedly be triable in the common law courts in an action for deceit. It

alleges that the contract was induced by representations which were false, and which the defendant knew were false at the time the contract was made. These allegations are admitted by the demurrer, and while the bill sets out a common law action for deceit, this does not interfere with the jurisdiction of equity. In order to set aside a contract founded in fraud, it is only necessary in equity to prove that the representation upon which the action is founded is false, that it is material, and that damage has ensued; while at the common law the proof must go to the exent of satisfying the jury that the defendant knew that the statement relied upon was false. It will therefore be seen at a glance that the remedy in equity is much broader and much more efficient than the remedy at law could be. It was held in *Morse* v. *Nicholson, 55 N. J. Eq. (10 Dick.) 705,* that in a case where the jurisdiction of the courts of law and equity for the redress of frauds was concurrent, the court of equity should entertain the cause and determine it upon its merits, provided that adequate relief could not be obtained at law; and this, I take it, is a general rule which ought to be applied in the discretion of the court to cases of fraud where there are concurrent remedies. It was so held in *Eggers* v. *Anderson (Court of Errors and Appeals), 63 N. J. Eq. (18 Dick.) 264.* There Mr. Justice Dixon recites the English cases and declares that our state has given her adherence to the doctrines of the English courts. See, also, *DuBois* v. *Nugent, 69 N. J. Eq. (3 Robb.) 145.*

There is, however, a limitation upon this doctrine which is found in the case of *Krueger* v. *Armitage, 58 N. J. Eq. (13 Dick.) 357,* and in *Polhemus* v. *Holland Trust Co., 59 N. J. Eq. (14 Dick.) 93; affirmed, 61 N. J. Eq. (16 Dick.) 654.* In *Krueger* v. *Armitage* the complainant filed his bill to recover damages accruing out of what was claimed to be a fraudulent sale of stock. There does not appear to have been any prayer for the rescission of the contract, which possibly differentiates the case from the one in hand. The report shows that it was merely a bill for damages based upon a false representation of fact, there being no equitable remedy appealed to except the recovery of damages. Vice-Chancellor Emery held that in that

case the jurisdiction should not be exercised because it had been challenged *in limine,* and that the assessment of damages could be made by a jury as well as by this court. In *Polhemus* v. *Holland Trust Co.,* a transferee of bonds, issued by a foreign corporation, attempted to recover in equity the amount paid by him for the transfer upon the sole ground that the sale was fraudulent, and therefore the complainant had the right to rescind the transaction and recover back his money; and Vice-Chancellor Reed held that the recovery of money paid by the inducement of false representations was not within the scope of modern equity jurisdiction. These cases were approved by the court of errors and appeals in *Polhemus* v. *Holland Trust Co.,* *61 N. J. Eq. (16 Dick.) 654.*

In these two cases it will be observed that there was no ground of equity jurisdiction except the false representation of fact. But in the case in hand the complainant appeals to the court to declare that the contract induced by fraudulent representations should be rescinded and canceled, and this upon the ground that the contract being void by reason of fraud, the complainant should not continue to rest under the obligation of any portion of it, but that he should be discharged from its performance in whole and in part. This is an equity to which the complainant is entitled if at the final hearing he is able to substantiate his allegations.

I do not now pass upon the question of the manner in which the damages shall be ascertained and measured in case the complainant shall succeed in establishing his right. This may be very properly left to the final hearing, and it may there turn out that damages, if any, are of very easy ascertainment. An examination of the bill discloses that there is no specific prayer for the cancellation of the chattel mortgage which was given by the complainant and his partner to the defendant. If the mortgage covers property which is by the bill tendered to the defendant on the rescission, it probably can make little or no difference whether the mortgage is specifically canceled or not, unless it contains some obligation which the complainant in case of his success would desire to be relieved from.

My judgment therefore is that the demurrer be overruled, and that the defendant file his answer to the complainant's bill in twenty days after the service upon him of a copy of the order overruling the demurrer, and if he fails to do so, the bill should be taken as confessed.