SMITH-AUSTERMUHL COMPANY

*v.*

JERSEY RAILWAYS ADVERTISING COMPANY.

[Submitted February 18th, 1918.   Determined February 19th, 1918.]

1. Where an advertising contract to run twelve months is later superseded by another contract for sixty months, procured through misrepresentation that the term named was only twelve months, equity will reform or cancel the contract, even though the defence of fraud can be interposed in an action at law.

2. Under these circumstances the payment of monthly installments due under the contract for the first twelve months does not affirm the contract as to its sixty months' term.

3. In an action to cancel or reform a contract and to restrain the enforcement thereof on the ground that the signature thereto was procured through misrepresentation as to the term thereof, a temporary injunction will not be continued pending the final outcome of the case, as complainant cannot be injured, since he can plead the fraud as a defence in an action at law.

On hearing on return of order to show cause for injunction *pendente lite.*

*Messrs. Harris & Harris,* for the complainant.

*Messrs. Wilson & Carr,* for the defendant.

LEAMING, V. C.

The bill in this suit has been filed by complainant to procure an injunction restraining defendant from bringing an action at law against complainant upon a certain written contract now held by defendant by the terms of which complainant has agreed to pay defendant a certain amount per month for a period of sixty months for certain advertising of complainant's business to be performed by defendant during that period. The bill also prays in the alternative that the contract be either canceled for fraud or reformed by the substitution of twelve months for sixty months as the period of time embraced within its operation.

The averments of the bill duly verified are to the effect that a similar written contract for a term of twelve months was executed by the respective parties; that shortly thereafter defendant's agent presented to complainant another similar contract and sought that it be substituted for the former contract, fraudulently stating to complainant that the two contracts were in all respects identical, except as to one provision, which provision was suggested as more favorable to complainant and is here immaterial; that relying upon defendant's statements complainant executed the substituted contract without examining its contents and surrendered the original contract; that complainant has since discovered that the substituted contract was for a term of sixty months instead of twelve, as represented by defendant.

If these averments of the bill are true the original contract was surrendered by complainant and the substituted contract now held by defendant was signed by complainant in the belief that the term of the substituted contract was the same as that specified in the original contract, and with intent to contract for no other period of time, and was accepted and signed by defendant with full knowledge of complainant's belief and intent to that effect and with knowledge that complainant's belief was

induced by defendant's fraudulent misrepresentations touching the term. In such circumstances, the only term on which the minds of the parties at any time met was a term of twelve months, and complainant clearly became entitled to a reformation of the substituted contract in such manner as to change the term therein stated from sixty months to twelve months.

The bill further sets forth that during the twelve months' term an action at law was brought by defendant against complainant, based upon the substituted contract, to recover the monthly contract price up to the time the suit was brought; that complainant filed a plea in that action which set forth as a defence said fraud of defendant in the execution of the contract; that at the trial the law court refused to permit complainant to introduce evidence of the fraud on the ground that it tended to alter or vary the terms of a written contract; that when the court determined to instruct an adverse verdict complainant, in order to avoid a verdict in that action and with intent to file a bill in equity for relief, paid to defendant under protest the amount claimed in that action, with costs.

The bill in this suit was filed after the expiration of the twelve months' term and an order to show cause with restraint against further suits at law was issued. At the return of the order to show cause defendant filed an answer denying the fraud and averring that complainant executed the substituted or new contract with full knowledge of its contents. Laches and recognition of the new contract are also averred. Affidavits accompany the answer verifying its averments. It accordingly is to be determined at this time whether the preliminary restraint shall be retained until final hearing in this suit.

It is urged by defendant that this court is without jurisdiction to entertain the bill because of an adequate remedy for complainant at law.

It is apparent that in any action at law which defendant may institute against complainant for recovery for services performed for complainant under the new or substituted contract, complainant can defeat recovery in the law court if able to supply

proofs sufficient to establish the fraud set forth in the present bill. But the existence of that defence at law does not deny to a court of equity jurisdiction to entertain a bill to reform the contract and, in a proper case, to restrain the institution of an action at law pending the suit for reformation; and the same jurisdiction necessarily obtains in suits for rescission, cancellation or surrender of outstanding contracts. This has been repeatedly determined by the courts of this state. *Cornish* v. *Bryan, 10 N. J. Eq. 146, 151; Chase* v. *Chase, 50 N. J. Eq. 143.*

As to whether, pending a suit for reformation, cancellation or surrender of an outstanding contract restraint should be imposed against the institution or an action at law or the further prosecution of a pending action at law, I think the sound and generally accepted modern view may be said to be that although the special circumstances of each case may go far to determine whether such restraint should be imposed, yet the existence of a complete legal defence, even when an action at law is pending, falls short of and does not ordinarily constitute an adequate remedy for the defendant. This is because, first, the opportunity to make that defence may be lost, or the ability to make it may be weakened, by studied delay of the other party; delay in bringing the action in cases in which an action has been merely threatened and has not been brought, or, when an action at law has been brought, like delay which may be obtained by dismissal of the action, and second, because "in any event mere defence, however perfect, is not relief."

This general view is, I think, sanctioned by our court of errors and appeals in *Sweeney* v. *Williams, 36 N. J. Eq. 627.* In that case an action at law had been brought on a bond. The defendant in the legal action then filed a bill in equity for an injunction against the further prosecution of the action at law, and demanded the relief upon grounds which would have been available as a defence at law to the action on the bond. Touching the propriety of exercising the equity jurisdiction after the jurisdiction of the law court had attached, the reported opinion says:

"The complainant was entitled, if at all, to a relief broader than could be afforded him in the action at law. He asked, and if his contention is correct, was entitled to a perpetual injunction against the bond. At law his relief as to the bond could be obtained only in case the plaintiff brought his action to a trial. If he discontinued or submitted to a nonsuit, the relief could not be obtained there."

The opinion then further points out that in that suit the existence of a mortgage securing the bond also afforded ground for equitable relief.

In the present case there is no pending action at law to deter the exercise of the remedy which is here sought.

It is further urged that the payment by complainant of the monthly installments for which the action at law was brought was operative to affirm the contract in such manner as to now deny relief to complainant. I am unable to adopt that view. If the averments of complainant's bill are true, there appears to be no valid defence to the payment of monthly installments for the twelve months' period, unless the service which defendant was to perform for that period of time has been inadequately performed. Complainant herein specifically avers that a contract for that period was made; the grievance asserted by the bill is that no contract for a longer period has been made. The protection equitably called for by the averments of the bill is protection against the extended period. Complainant is clearly privileged to pay for the twelve months' service for which it admits it agreed to pay and repudiate further liability.

But notwithstanding the propriety of restraint based upon the averments of the bill, I am convinced that in view of the denials contained in the answer and answering affidavits filed at the return of the order to show cause, restraint should not be continued pending final hearing.

Our court of errors and appeals has repeatedly determined that upon the coming in of such an answer restraint should not as a rule be retained. The exceptions to that rule are so far dependent upon the special circumstances of cases that their statement in general terms is difficult. A general statement is

that to retain restraint, in such circumstances, it must be reasonably apparent that the threatened damage will be irreparable in character, or that the urgent necessity of the case requires restraint to save the subject-matter of the controversy from impairment or destruction. This general statement of the exceptions to the rule is given sanction in our court of errors and appeals in the recent case of *Schlemm* v. *Whittle, 86 N. J. Eq. 415;* but I do not understand that case, or the earlier cases in that court dealing with that subject, to disapprove of the view that circumstances may exist where restraint may be properly retained which may not fall strictly within the exceptions, as above phrased, such as that suggested by Vice-Chancellor Van Fleet in *Connelly Manufacturing Co.* v. *Wattles, 49 N. J. Eq. 92, 97,* where it is stated that if it clearly appears that to retain the restraint will do the defendant no harm, while a refusal to do so will deprive the complainant of all relief should he finally succeed in his cause, or subject him to some other peculiar hardship, the restraint may be properly retained; nor is it clear to my mind that our court of errors and appeals has given disapproval to the views expressed on the same subject by numerous prior decisions of the court of chancery, as found in the several cases collected and partially reviewed in *Stanton Manufacturing Co.* v. *McFarland, 52 N. J. Eq. 85.*

But in the present case it is *entirely* clear that while restraint will not injure defendant, at the same time no substantial injury can be suffered by complainant by the denial of restraint. Should an action at law be brought to trial before final hearing in this suit, complainant's defence therein is adequate, and complainant cannot suffer from delays in any such action because a favorable final decree herein will afford him permanent relief. In these circumstances, I am convinced that restraint should not be retained.

Costs may abide the result of the final hearing.