MARGARET M. PRIDMORE, trustee, &c., et al., complainants-respondents and cross-appellants,

*v.*

HENRY C. STENECK, defendant-appellant, and GEORGE W. STENECK and JOHN STENECK & SONS, defendants and cross-respondents.

[Submitted February term, 1937.   Decided April 30th, 1937.]

*Mr. Alexander Simpson (Mr. L. Edward Herrmann* and *Mr. Ralph W. Emerson,* of counsel), for the appellant and cross-respondents.

*Mr. Saul Nemser,* for the respondents and cross-appellants.

The opinion of the court was delivered by

HEHER, J.

This case presents cross-appeals. The defendant Henry C. Steneck challenges the decree in its entirety. The complainants assert error in the dismissal of the bill as to the defendants George W. Steneck and John Steneck & Sons.

*First:* There was no fatal jurisdictional lack by reason of the non-joinder of the Steneck Trust Company as a party defendant.

The learned vice-chancellor, proceeding on the premises that recovery of the purchase price "is incidental to the rescission," and there could be no such recovery "unless the corporation were a defendant," reached the conclusion that the jurisdictional objection came too late; and in this we concur.

Courts of equity have general jurisdiction in cases of fraud. While this was part of the ancient and exclusive original jurisdiction of the English courts of equity, and the enlargement of the powers of the common law courts to include cognizance of such cases did not displace that equitable jurisdiction (*Slim* v. *Croucher, 1 DeG., F. & J. 518; 62 Eng. Ch. 401; 45 Reprint 462*), it is a principle now firmly embedded in our equity jurisprudence that where the primary right is legal, and the remedy invoked is likewise legal in character, and there is an adequate, certain and complete remedy at law, equity will not exercise its jurisdiction; it withholds relief in cases of fraud that are recognizable and fully remediable at law.

This principle was applied by Vice-Chancellor Emery in *Krueger* v. *Armitage, 58 N. J. Eq. 357,* and shortly thereafter was given the approval of this court in *Polhemus* v. *Holland Trust Co., 61 N. J. Eq. 654,* and *Eggers v. Anderson, 63 N. J. Eq. 264.* In the last cited case, Mr. Justice Dixon, while criticising the holding of the *Polhemus Case, supra,* that "for the recovery of damages the exclusive remedy in this state lies with the law courts," approved the case of *Krueger* v. *Armitage, supra,* as indicating "the generality of the jurisdiction, as well as the limited scope in which courts of equity are disposed to exercise it."

This is the principle by which the exercise of our equitable jurisdiction has since been guided. *Downs v. Jersey Central Power and Light Co., 117 N. J. Eq. 138; Kueper* v. *Pyramid Bond and Mortgage Corp., 117 N. J. Eq. 110; Richeimer* v. *Fischbein, 107 N. J. Eq. 493; Commercial Casualty Insurance Co.* v. *Southern Surety Co., 100 N. J. Eq. 92; affirmed, 101 N. J. Eq. 738.* As stated by Vice-Chancellor Magie, in *Dawson* v. *Leschziner, 72 N. J. Eq. 1,* citing *Eggers* v. *Ander-*

*son, supra,* "when the remedy at law is plainly adequate and complete, the court of chancery is reluctant to exercise its jurisdiction, and will not do so unless the administration of justice will be thereby plainly facilitated."

The basis of original equitable cognizance of this class of cases was the entire absence of jurisdiction at law. *Slim* v. *Croucher, supra.* See, also, *Buzard* v. *Houston, 119 U. S. 347, 352; 7 S. Ct. 249; 30 L. Ed. 451.* And it is to be borne in mind, in considering the propriety of the exercise by a court of equity of this common jurisdiction, that the substantial right of trial by jury is involved. *Polhemus* v. *Holland Trust Co., supra; Krueger* v. *Armitage, supra; 21 C. J. 108.*

The growth of the jurisdiction of the common law courts has, in consonance with the fundamental distinction between the two jurisdictions, placed corresponding curbs upon the exercise by courts of equity of the common jurisdiction. This does not constitute an absolute limitation of equity's original jurisdiction; it is rather in the nature of a mere restraint upon its exercise in accordance with the dictates of the distinguishing principle adverted to. The exercise of this concurrent equitable jurisdiction rests in the sound discretion of the court, guided by these principles, and depends upon the special circumstances of the individual case. *Smith* v. *Krueger, 71 N. J. Eq. 531; Kuntz* v. *Tonnele, 80 N. J. Eq. 373, 381.*

But we need venture no opinion as to the propriety of the exercise here of the equitable jurisdiction thus invoked, if timely objection had been made. In the circumstances, the granting of a wholly pecuniary relief—not auxiliary or incidental in character—was justified. Unless the subject-matter of the bill of complaint is essentially beyond the domain of equitable cognizance, an objection that there is a plain, adequate and complete remedy at law must ordinarily be definitely raised *in limine,* or it will be regarded as waived, and the judgment will not be tainted with error. *Eggers* v. *Anderson, supra; Krueger* v. *Armitage, supra; Knikel* v. *Spitz, 74 N. J. Eq. 581, 584; Smith* v. *Krueger, supra; Christian Feigenspan* v. *Nizolek, 71 N. J. Eq. 382; affirmed, 72 N. J.*

*Eq. 949; Varrick* v. *Hilt, 66 N. J. Eq. 442; Lehigh Zinc and Iron Co.* v. *Trotter, 43 N. J. Eq. 185, 204; Cutting* v. *Dana, 25 N. J. Eq. 265; Bates* v. *Conrow, 11 N. J. Eq. 137; 1 Dan. Ch. Pr. (4th Amer. ed.) 555; Pom. Eq. Jur. (4th ed.) § 130.*

It is the settled rule that jurisdiction over the subject-matter of a cause cannot be granted or conferred by consent; and, in the application of this doctrine of waiver to cases of fraud, a distinction is of necessity to be made between a subject-matter fundamentally beyond the field of equitable cognizance, *e. g.,* the cancellation of a will obtained by fraudulent means, and the mere propriety of the exercise of general equity jurisdiction. As stated, the rule does not prevail in this state that, in such cases, the availability of an adequate legal remedy limits the jurisdiction itself, and is not to be classed as a mere element entering into the propriety of its exercise.

The objection made here falls into the latter category; and it was not seasonably made. This is not excused by the allegation of the bill of complaint that the trust company was "defunct and insolvent," and without assets, and therefore "unable to respond to and render the complainants \* \* \* whole." Proof of this allegation manifestly would not constitute an enlargement of equity's power to decree a simple money recovery against appellant; and the delay until the conclusion of the final hearing in the interposition of the objection, as relating to a defect not apparent on the face of the bill, was therefore fatal.

*Second:* We find that one of complainants, Ostendorf, was not a victim of the fraud found by the vice-chancellor to have been practiced upon his co-complainants; and, there being no proof of other fraud resulting in detriment to him, he is not entitled to the relief awarded by the decree. It is noteworthy that the substitution of the securities underlying the participation certificates has been decreed ineffectual as to non-consenting certificate-holders. *Seaboard Trust Co.* v. *Shea, 118 N. J. Eq. 433.* As to this complainant, the bill should have been dismissed.

*Third:* We concur in the vice-chancellor's findings that the evidence does not sustain the allegations of a conspiracy to cheat and defraud directed against the defendants George W. Steneck and John Steneck & Sons; and the bill was therefore properly dismissed as to them. The evidence does not, as the vice-chancellor found, warrant the conclusion of a conspiracy *ab initio* to defraud complainants; and the connection of these defendants with the transactions made the basis of the decree against appellant was plainly not such as to render them accountable to complainants. In the determination of such an issue, involving as it does a probe of the alleged fraud-doer's conscience, personal observation of the parties and witnesses is frequently decisive, especially when considered in the light of the rule that fraud is required to be proved by clear and convincing evidence.

*Fourth:* Invoking the principle that where the complainant and defendant are each successful on one or more of the substantial issues, neither is entitled to costs or counsel fees as against the other (*Beall v. New York and New Jersey Water Co., 87 N. J. Eq. 390, 395*), appellant urges that there was error in the award of a counsel fee to complainants against him. But the dismissal of the bill as to his co-defendants does not, as contended, justify the invocation of this rule in his favor. That does not place him in the category of a party who has "succeeded in part." And, by like reasoning, the dismissal here of the claim of Ostendorf does not, in respect of his co-complainants, lead to a different result. In the circumstances, the award of a counsel fee to complainants, and the denial of a like application by the defendants who were dismissed, were discretionary. We express no opinion on the *quantum* of the allowance; that question is not raised.

The decree is accordingly modified, and, as so modified, affirmed.

*For affirmance*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.