Complainant insurance company issued a policy of insurance on September 1st, 1936, on the life of Charles Stern, with Herman Stern (the present defendant) as the named beneficiary.
The insured, Charles Stern, died on February 13th, 1938. Claim was duly made by the beneficiary; payment was refused by the company on the ground that the policy had been obtained by fraud. Thereupon suit at law was brought by the beneficiary against the company for recovery under the policy.
Instead of filing answer in that suit at law, the company filed its present bill, in which it prays decree for the cancellation and surrender of the life insurance policy in question, on the ground that the issuance of the policy was procured by the intentional fraud of the insured in giving false answers to material questions in the application for the policy; and further prays restraint against the further prosecution of that suit at law by the present defendant. The matter is now before this court on complainant's application for such restraint pendente lite;
and it is also before this court on defendant's counter-motion to strike the bill on the ground that complainant has an adequate remedy at law.
Concededly the bill sets forth a cause of action cognizable in equity, and this court has the jurisdiction and power to entertain and determine it. Prudential Insurance Co. v.Merritt-Chapman, c., Co., 111 N.J. Eq. 166, 162 Atl. Rep. 139,
and cases there cited. "The enlargement of the powers of the common law courts to include cognizance of such cases" (i.e., fraud) "did not displace that equitable jurisdiction." Pridmore
v. Steneck, [*]122 N.J. Eq. 35 at p. 37, 191 Atl. Rep. 861. *Page 393 
However, "when the remedy at law is plainly adequate and complete, the court of chancery is reluctant to exercise its jurisdiction, and will not do so unless the administration of justice will be thereby plainly facilitated." Dawson v.Leschziner, 72 N.J. Eq. 1, 65 Atl. Rep. 449; quoted and reiterated by the court of errors and appeals in Pridmore v.Steneck, supra. See, also, New Amsterdam Casualty Co. v.Mandel, 115 N.J. Eq. 198, at p. 202, 170 Atl. Rep. 19, and cases there cited.
On the other hand, this court will exercise its jurisdiction in such a case, where it is satisfied that under the particular circumstances of that case complainant is, or may well be, entitled to the aid of equity in order to obtain rights which he could not obtain in a court of law or fuller and more complete relief than that which would accrue to him by virtue of a judgment at law. So in N.Y. Life Insurance Co. v. Steinman,103 N.J. Eq. 403, 143 Atl. Rep. 529, motion to dismiss the bill, on the ground that complainant had an adequate remedy at law, was denied; likewise in Smith-Austermuhl Co. v. Jersey Rys. Adv.Co., 89 N.J. Eq. 12, 103 Atl. Rep. 388; Prudential Insurance Co.
v. Merritt-Chapman, c., Co., supra, and the many cases therein cited at p. 169.
Whether this court will or will not exercise its undoubted jurisdiction in any particular case of this kind, "rests in the sound discretion of the court, guided by these principles, and depends upon the special circumstances of the individual case."Pridmore v. Steneck, supra.
Furthermore, it is of course true that where there may be doubt in the mind of the court as to whether or not complainant is presently, or may later, need and be entitled to the aid of this court in the premises, it is quite within the province of the court to entertain the bill but to stay further proceedings on it pending the outcome of an already pending suit at law or some other contingency.
In the present case the sole reason set forth in the bill as the basis for the exercise of the jurisdiction of equity, is that the company will be, or is likely to be, prejudiced by delay in the opportunity to avail itself of the testimony and evidence *Page 394 
now available to it (but which may hereafter be lost by the death of witnesses or otherwise) to prove that the policy was fraudulently obtained; and particularly will be prejudiced by such delay beyond the two-year limitation period in the "incontestability clause" in the policy.
Such a ground has sometimes been favorably considered, interalia, as a basis for the exercise of jurisdiction by this court, — where no suit at law has been brought by the (chancery) defendant in which the question of fraud could be determined; as in N.Y. Life Insurance Co. v. Steinman, supra. In the present case, however, it seems apparent on the face of the bill (and the copy of the policy annexed) that the company can suffer no prejudice in regard to the incontestability clause, for under that clause the policy becomes incontestable only after it has been in force, during the lifetime of the insured, for a period of two years from its date; whereas the insured lived only a year and a half after the date of the policy.
In any event, however, it is not apparent in the instant case how the company can possibly need the intervention of this court to protect it against the consequences of any suggested delay. Defendant's suit at law had already been brought, and the company could have commenced its "contest" of the policy by filing answer in that suit, just as well and just as quickly as by filing the present bill. It is no answer to say that defendant — (plaintiff at law) — may delay and discontinue his law suit, or take a voluntary nonsuit; the company could, and can, protect itself against any possibility of delay or discontinuance of the suit at law (and hence against any prejudice which might accrue from such delay) by filing together with its answer in the suit at law, a counter-claim for a declaratory judgment, under the provisions of the statute, Rev. Stat. 2:26-66 to 79 (formerly P.L. 1924,c. 140, p. 312).
The prior pendency of a suit at law increases the reluctance of this court to assert its jurisdiction. See New AmsterdamCasualty Co. v. Mandel, 115 N.J. Eq. 198, at p. 203, et seq.,170 Atl. Rep. 19. And in Pridmore v. Steneck, supra, the *Page 395 
court of errors and appeals again calls attention to the fact that "the substantial right of trial by jury is involved" and is to be borne in mind as an important factor in any determination by this court as to whether or not it should exercise its jurisdiction. See, also, Ellicott v. Chamberlin, [*]38 N.J. Eq. 604,
at 612, where the appellate court affirmed decree dismissing bill and held that chancery should not take jurisdiction superseding a pending action at law, where complainant had adequate protection by judgment at law; andChase's Ex'r. v. Chase, 50 N.J. Eq. 143, at 147,24 Atl. Rep. 914.
A situation which may well lead equity to assume jurisdiction, at least to the extent of retaining the bill pending the action at law, is where a judgment in favor of defendant at law (complainant in equity) will not afford him all of the relief to which he is, or may be, equitably entitled. Sweeny v.Williams, [*]36 N.J. Eq. 627, at 630; Chase's Ex'r. v. Chase,supra; Smith-Austermuhl Co. v. Jersey Rys. Adv. Co., supra.
But there is no charge in the present bill, — and no allegations of any facts tending to show, — that a judgment in the suit at law in favor of the company would not afford it full and adequate relief.
Another situation which will lead to the exercise of jurisdiction by this court, — at least to the extent of retaining the bill, — is where complainant may be able only to prove equitable fraud, (material representations untrue in fact), and not legal fraud (false representations knowingly and intentionally made). Commercial Casualty, c., Co. v. SouthernSurety Co., 100 N.J. Eq. 92, at p. 97, 135 Atl. Rep. 511;aff'd, [*]101 N.J. Eq. 738, 138 Atl. Rep. 919.
Rescission or cancellation may be had in equity upon proof of reliance upon material representations untrue in fact, without proof of conscious or intentional fraud. Eibel v. Von Fell,55 N.J. Eq. 670, 38 Atl. Rep. 201; Cowley v. Smyth,46 N.J. Law 380; DuBois v. Nugent, 69 N.J. Eq. 145, 60 Atl. Rep. 339;Schoenfeld v. Winter, 76 N.J. Eq. 511, 74 Atl. Rep. 975;Strauss v. Norris, 77 N.J. Eq. 33, 75 Atl. Rep. 980; CommercialCasualty, c., Co. v. Southern Surety *Page 396 Co., supra; Travelers Insurance Co. v. Evslin, 101 N.J. Eq. 527,139 Atl. Rep. 520; Aetna Life Insurance Co. v. Sussman,111 N.J. Eq. 358, 162 Atl. Rep. 132; Prudential Insurance Co. v.Merritt-Chapman, c., Co., supra. There seems to have been considerable doubt amongst the members of the bar that this rule applied in the case of insurance policies, since the opinion inShapiro v. Metropolitan Life Insurance Co., 110 N.J. Eq. 287,159 Atl. Rep. 680, and the affirmance of the decree in that suit, in S.C., 114 N.J. Eq. 378, 168 Atl. Rep. 637. That appellate opinion failed to pass on that particular question; but there can be no further doubt on the point, in view of the second appellate opinion in Metropolitan Life Ins. Co. v. Lodzinski,124 N.J. Eq. 357, 1 Atl. Rep. 2d 859.
In the instant case, however, complainant's bill does not address itself to the exercise of equity's jurisdiction on any such ground. It does not say that it cannot, — or even that it perhaps may not, — be able to establish the conscious fraud necessary to a successful defense of the suit at law, whereas it can establish the material misrepresentation in fact which will entitle it to relief in equity. On the contrary, it alleges intentional fraud and deception, and that alone; and this in the face of the law as it stood at the time of the filing of the bill and up to the day before the argument on the present motions, — to wit, that where the bill alleged conscious fraud complainant must prove conscious fraud or have his bill dismissed.Metropolitan Life Ins. Co. v. Sussman, [*]109 N.J. Eq. 582,158 Atl. Rep. 406; and second chancery opinion in MetropolitanLife Ins. Co. v. Lodzinski, 124 N.J. Eq. 328, 1 Atl. Rep.
2d 856.
That ruling of the appellate court in the Sussman Case has now been reversed by that court in its second opinion inMetropolitan Life Ins. Co. v. Lodzinski, supra, — in actual effect, although not by specific statement and reference. In the second chancery opinion, supra, this court found that some of the material representations, in reliance on which the company had issued the Lodzinski policy, were untrue in fact, but that the complainant had in its bill alleged actual *Page 397 
and conscious fraud and had failed to prove that such representations were knowingly false, and that therefore underMetropolitan Life Ins. Co. v. Sussman, supra, the bill must be dismissed. The appellate opinion, while not referring to theSussman Case, holds that even if complainant had failed to establish conscious fraud, it was entitled to decree for cancellation on return of premiums with interest; — a ruling which seems obviously much more equitable than the earlier rule in the Sussman Case.
It is therefore now true that the present complainant notwithstanding it alleges conscious fraud, and that alone, may obtain in this court a decree for the cancellation or rescission of the policy in question, upon proof only of material representations untrue in fact, whereas it could not establish a successful defense in the suit at law without proving that the representations were knowingly false; but, as before stated, complainant did not know this at the time of the filing of its bill nor at the time of the argument on this motion, and its bill obviously does not seek the aid of this court on any such ground.
Under these circumstances therefore, — and in view of the authorities mentioned, — should this court in the instant case exercise its jurisdiction, even to the extent of retaining the bill, as it is presently framed? — (the objection to the exercise of jurisdiction being here duly made in limine).
The chancery opinion in New Amsterdam Casualty Co. v.Mandel, supra, is assuredly authority for the dismissal of the present bill. However, the affirmance of the decree in that case,S.C., [*]116 N.J. Eq. 48, 172 Atl. Rep. 364, was placed upon a different ground, and the appellate court was silent on this point. The action of this court in sustaining the bill inCommercial Casualty, c., Co. v. Southern Surety Co., supra, was affirmed "for the reasons stated" in the chancery opinion; and some of the language in that chancery opinion might be construed as authority for the retention of the present bill. However, that case would seem to be distinguishable from the present case in two important particulars; and neither the chancery opinion nor the appellate opinion gives any indication *Page 398 
that the rule as set forth by the appellate court in Crane v.Ely, 37 N.J. Eq. 564, — to wit, that in cases of concurrent jurisdiction, equity will not interfere with a suit at law already commenced, unless a plain case be made in the bill
justifying such action, (see p. 571), is to be deemed in anywise relaxed; and finally, the still more recent (1937) unanimous opinion of the appellate court in Pridmore v.Steneck, supra, (at p. 37), reiterates it as a firmly established principle, that equity "withholds relief in cases of fraud that are recognizable and fully remediable at law."
The bill in the instant case does not plainly make out a case for the interposition of equity; consideration of its allegations, averments, charges and as well also the statements made in the accompanying affidavits, fails to show any need for the exercise of equity jurisdiction. The only ground therefor set up in the bill, is the protection alleged to be necessary against delays or discontinuance by the present defendant in his prosecution of the suit at law already commenced. No such protection is required, — as clearly appears from the language of the incontestability clause in question and the provisions of the Declaratory Judgments act. (The effect of this latter statute, — then comparatively new, — was not considered and evidently was not raised in Commercial Casualty, c., Co. v. Southern SuretyCo., supra; and apparently has not been considered in any other reported case up to the present time.)
While the fact that certain misrepresentations were made that would be available only in equity, would unquestionably constitute adequate ground for equity's interference, — and likewise even an allegation that complainant might find itself unable to prove the conscious fraud (which is its only allegation) but would be able to prove material representations untrue in fact, — no claim to that effect is made in the bill, nor was made at the argument; and it is not perceived that it is incumbent upon this court to put forward on behalf of complainant claims that complainant itself has not in any wise sought to make. Such a rationale is so diametrically opposed to what has always been the understanding of this *Page 399 
court as to its duty and function, that it is not to be accepted in the absence of a clear and express mandate or direction.
It is not perceived that the mere fact that there may be a possibility, — although complainant itself makes no such statement or claim, — that complainant may not be able to prove at law the conscious fraud which is the only thing he alleges in his bill in equity, either requires or justifies this court in assuming, on its own initiative, to interfere with a pending suit at law and itself undertake the burden of a litigation which is neither shown, nor even claimed, to be necessary for the adequate protection or relief of complainant. And especially would this appear to be true, in view of the fact that if the complainantshould find itself unable in the trial at law to prove conscious fraud, and be denied the right to interpose as a defense, the material misrepresentation in fact, it still may then apply to this court for relief, even after judgment at law.Headley v. Leavitt, [*]65 N.J. Eq. 748, 55 Atl. Rep. 731.
This does not contravene Commercial Casualty, c., Co. v.Southern Surety Co., supra. It is clear, both from the chancery opinion in that case, and upon reference to the bill of complaint therein itself, that the bill did allege that some of the misrepresentations upon which it relied were not consciously or intentionally fraudulent, but were material, relied on, and untrue in fact.
It is concluded that the bill should be dismissed; unless complainant desires, and applies for, leave to amend. *Page 400