John Cafiero died on October 4th, 1937. Approximately eleven months later, or on September 15th, 1938, the defendant, Antonio Cafiero, was appointed administrator of his estate. The assets of the estate consisted of two industrial life insurance policies, one for $160, issued November 23d 1936, and the other for $500 issued June 7th, 1937. Those policies are the subject of the dispute between the litigants. The complainant refused to pay the face value of the policies. Thereupon, on October 1st, 1938, the defendant brought an action against the complainant in the Hudson county circuit court. In that action, the complainant filed an affidavit of merits in which it was stated it had a "just and legal defense to the action on the merits of the case." On November 9th, 1938, the complainant filed its bill of complaint herein and alleges: (1) The policies were obtained by and through the misrepresentation of material facts amounting in equity to fraud; (2) the policies were issued by and through the mutual mistake of facts; (3) the insured was not in sound health on the date of the first policy issued.
The defendant herein gave notice of motion to strike the bill on several grounds. The motion was argued by counsel and it was denied. The defendant then filed an answer to the bill and reserved therein certain defenses, which, pursuant to rule 70 of this court, were raised before the main issue was heard, and judgment was reserved thereon. The points reserved are as follows: (1) That complainant has an adequate remedy at law; (2) that complainant cannot deprive the defendant of his right to trial by jury merely by seeking to frame equitable issues where an adequate legal remedy is available; (3) that complainant is in laches; therefore, it is not entitled to this extraordinary relief; (4) that the policies by their terms are incontestable. *Page 35 
At the final hearing, the only evidence offered was that which was presented by the complainant. It shows that the decedent was treated for a serious incurable heart disease. Dr. Bortone, who gave that testimony, said that he informed the insured of the nature of his illness; that he prescribed for him, and told him he "must take things easy." He treated the decedent on September 19th, October 15th, November 5th, 1935, and July 9th, 1936.
On November 20th, 1936, the decedent made application for the first policy, Exhibit C-1. The following appears therein:
"17a. What is the present condition of health of person proposed? Ans. Good.
17b. When last sick? Month. Year. Ans. Never.
17c. Of what disease Ans. None.
18. Does any physical or mental defect or vision impairment exist? Ans. No.
19. Has person proposed ever suffered from apoplexy, asthma, cancer, consumption, convulsions, diabetes, disease of the gall-bladder, liver or kidneys, dyspepsia, fits, gall-stones, habitual cough, heart disease, influenza, insanity, obstinate constipation, paralysis, rheumatism, spitting of blood, syphilis, tumor, ulcers, or accident of any kind? Ans. No."
On November 23d 1936, complainant issued its policy numbered 108028040 upon the life of the decedent, John Cafiero, ExhibitC-3. On June 3d 1937, the decedent, John Cafiero, again applied to the complainant for a policy of insurance on his life,Exhibit C-2. In his application, he represented to the complainant:
"18. What is the present condition of health of person proposed? Ans. Good.
19. When last sick? Mo. Yr. Ans. Never.
20. Does any physical or mental defect or vision impairment exist? Ans. No.
21. Has person proposed ever suffered from apoplexy, asthma, cancer, convulsions, diabetes, disease of the gall-bladder, liver or kidneys, dyspepsia, fits, gall-stones, habitual cough, heart disease, influenza, insanity, obstinate constipation, paralysis, rheumatism, spitting of blood, syphilis, tuberculosis, tumor, ulcers or accident of any kind. Give particulars. Ans. No.
23. Has person proposed ever received treatment by a physician or at a dispensary, hospital or sanitarium. If so, state where, when and for what illness. Ans. No." *Page 36 
This application contained the following statement:
"I hereby declare that all the statements and answers to the above questions are complete and true, and I agree that the foregoing, together with this declaration, shall constitute an application for such insurance as the Company issues for the premium on the plan and at the age stated above. * * *"
In consequence of this last application, the complainant, on June 7th, 1937, issued its policy numbered 109933082, upon the life of John Cafiero, Exhibit C-4.
On October 4th, 1937, the decedent died of "rheumatic heart disease, chronic cardiac decompensation. Date of onset — years." (Exhibit C-6.)
The defendant contends that under chancery rule 216, this court is barred from assuming jurisdiction of this cause. He questions the meaning of the words of paragraphs 19, 21 and 22 of the bill of complaint. Those paragraphs read as follows:
"19. Complainant further shows that it did not become aware of the misrepresentations made to it and the fraud practiced upon it until after the death of the insured, which complainant is informed and does verily believe and does therefore charge the fact to be, occurred on October 4th, 1937. It did then declare the said policy void and did tender the return of the premiums paid on account thereof, which tender was refused. Complainant does again hereby tender the return of the premiums paid to it on the said policy of insurance."
"21. Complainant further shows that the said insured, John Cafiero, was not in sound health on the date of the issuance of said policy, to wit, November 23d 1936, and complainant did declare the said policy void and did tender the return of the premiums paid to it on the said policy, which tender was refused, and it does again hereby tender the return of the said premiums.
"22. Complainant further shows that in and by the said policy of insurance, it was provided:
"`Policy when void. — If at the time of the issuance of this Policy there be in force upon the life of the Insured hereunder an Industrial Policy or policies issued by this Company, this Policy shall be void *Page 37 
unless it contains an endorsement, signed by the President or Secretary, permitting this policy to be in force concurrently with such other policy or policies previously issued; but it is expressly stipulated that the issuance of this Policy without such endorsement shall not be considered a waiver of this provision should there be then in force any Industrial Insurance policy or policies previously issued by this Company upon the life of the Insured hereunder.
"`If for any cause this Policy be or become void, all premiums paid hereon shall be forfeited to the Company except as provided herein.'"
The defendant argues that under those quoted paragraphs of the bill of complaint that the complainant became aware of the misrepresentations made to it soon after October 4th, 1937, and that a period of over thirteen months elapsed since it had knowledge of the alleged misrepresentations. The complainant contends that the rule has no bearing upon the instant case; and, that, it applies only "whenever a cause shall be at issue in any court of common law." The suit in the Hudson county circuit court, it appears, was never at issue. The law action was instituted in October of 1938, and in the following month, before any answer was filed, the bill was filed herein. I am satisfied that the defendant's argument as to the bearing of the chancery rule 216, under the circumstances herein, lacks force and is without effect.
Both of the policies under consideration recite provisions that the complainant will pay "to the executors or administrators of the insured" the amount of insurance "upon receipt of due proof of the prior death of insured * * *."
As hereinabove mentioned, the defendant was not appointed administrator of the decedent's estate until September 15th, 1938. Until that time there was evidently no person against whom the complainant could have proceeded to assert its rights. The complainant, certainly, could not initiate steps, or proceedings, to bring about the appointment of an administrator for the decedent's estate. If there were delay in making that necessary application, it cannot be charged to the complainant.
The policies contained the following provisions:
"It is understood and agreed that the said Company may make any payment or grant any non-forfeiture provision provided for in this Policy to any relative by blood or connection by marriage of the *Page 38 
Insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her maintenance or burial, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this Policy have been fully satisfied."
Under that provision the complainant had an option of paying the amount due under the policies to any of the persons mentioned therein. In Metropolitan Life Insurance Co. v. Mangravite,120 N.J. Eq. 574; 188 Atl. Rep. 445, the court said:
"It seems to be the well settled law that no one except the beneficiary named in the policy, in this case the executor or administrator of the insured, has the right to collect the proceeds. The facility of payment clause is for the benefit of the insurance company, which, in the case of small industrial policies such as those here, is permitted to pay the face of the policy to other than the named beneficiary, usually to meet the immediate needs for funds for funeral expenses."
To like effect are: Orsini v. Metropolitan Life InsuranceCo., 9 N.J. Mis. R. 407; 154 Atl. Rep. 201; Prudential InsuranceCo. v. Godfrey, 75 N.J. Eq. 484; 72 Atl. Rep. 456; Brooks v.Metropolitan Life Insurance Co., 70 N.J. Law 36;56 Atl. Rep. 168; Marzulli v. Metropolitan Life Insurance Co.,79 N.J. Law 271; 75 Atl. Rep. 473.
The relief the complainant seeks is rescission. It can only obtain that relief in a suit instituted against the person with whom it has contractual obligations. The contractual obligations which matured on the insured's death were between the complainant and the insured's executor or administrator. Until such person qualified, it is obvious, there was no person against whom a rescission suit could have been instituted by the complainant.
Of course, if there were an adequate remedy at law, this suit would not be entertained in equity. The defendant in his motion to strike the bill herein, urged as a ground for dismissal, "that there is adequate remedy at law." That *Page 39 
motion, as has been stated, was denied. By its denial of that motion of the defendant, the court retained jurisdiction of this cause. No appeal was taken from the court's ruling on the motion. Hence, it is not necessary to further pass upon the court's jurisdiction to entertain the cause herein; it remains undisturbed.
In effect, the bill charges that the insured, by his application for insurance, made material misrepresentations of fact. Those misrepresentations amount in equity to fraud. Upon those facts the relief prayed for, the remedy of rescission and injunction, can only be obtained in a court of equity. A court of law affords no such relief. Kerpchak v. John Hancock MutualLife Insurance Co., 97 N.J. Law 196; 117 Atl. Rep. 836; Locker
v. Metropolitan Life Insurance Co., 107 N.J. Law 257;151 Atl. Rep. 627; Commercial Casualty Insurance Co. v. Southern SuretyCo., 100 N.J. Eq. 92; 135 Atl. Rep. 511; affirmed, 101 N.J. Eq. 738; 138 Atl. Rep. 919; Aetna Life Insurance Co. v. Sussman,111 N.J. Eq. 358; 162 Atl. Rep. 132. The last two citations thoroughly review the relevant decisions in this state as to the inadequacy of the remedy at law.
The defendant leans somewhat on the decision rendered inMetropolitan Life Insurance Co. v. Stern, 124 N.J. Eq. 391;2 Atl. Rep. 2d 51. I fail to see where the defendant can find comfort or support in that case. The fraud there alleged was the kind over which courts of equity exercise concurrent jurisdiction with the courts of law. There were no particular facts alleged in the bill which warranted this court in taking jurisdiction. Where courts of law and equity have concurrent jurisdiction, and the action at law, is first in point of time, then equity will only take jurisdiction and enjoin the law action when the bill alleges special circumstances which appeal to the conscience of the court. In the instant situation, the bill alleges fraud of purely equitable cognizance, and seeks equitable relief only.
The defendant's contention that he should not be denied the right of trial by jury, was fully considered, and passed upon by this court in the argument on the motion to strike the bill. His contention was then rejected and jurisdiction *Page 40 
was here retained. A further answer to the defendant's argument on his assertion of his right to a jury trial, is the opinion of Vice-Chancellor Buchanan in Metropolitan Life Insurance Co. v.Stern, supra, where the court announced that special circumstances should be disclosed by the bill to warrant the court taking jurisdiction. The court in that opinion clearly distinguished between the court's concurrent and exclusive jurisdiction. See, also, Pridmore v. Steneck, 122 N.J. Eq. 35;191 Atl. Rep. 861, where the points under discussion are fully considered.
It may be observed that on a motion to strike the bill, the allegations thereof must be taken as true. Such being the practice and the circumstances herein, it, therefore, follows that the policies in question were obtained through misrepresentation of material facts which, in equity, amounts to fraud.
The defendant says that the complainant is in laches, and is not entitled to the relief it seeks. He pointed to the provisions of R.S. 1937, 17:34-15(j), wherein the complainant is required to make payment under a policy within a period of two months. The defendant overlooks the fact that there was no representative of the decedent's estate in existence within the two-month period; and, therefore, it was impossible for the complainant to make payment or make any offer under the circumstances. Counsel for the complainant pertinently observes "in the admeasurement of laches the beginning point must be when an administrator was appointed. The complainant's contract was with him."
In defendant's said notice of motion to strike the complaint, one of the grounds mentioned therein was:
"(c) The complainant is barred from bringing any suit, either at law or in equity in that the policies provide that they shall become incontestable one (1) year from the date of issue. The policies in question were issued on November 23d 1936, and June 7th, 1937, respectively, and therefore, there is no defense to an action on the said policies."
The motion in its entirety, was heard by this court and decided adversely to defendant's contention.
The clause commonly referred to as the "incontestable clause" is included in all policies of insurance issued to residents *Page 41 
of this state, and R.S. 1937, 17:34-15(c), provide for it as follows:
"That the policy shall constitute the entire contract between the parties and that after it has been in force during the lifetime of the insured a specified time not later than two years from its date, shall be incontestable, except for non-payment of premiums and for violation of its express conditions, if any, relating to hazardous travel, residence or occupation, in which case the liability of the company may be limited to a definitely determinable reduced amount, which shall not be less than the full reserve for the policy and any dividend additions, and except also, at the option of the company, with respect to provisions relative to benefits in the event of total and permanent disability, and provisions which grant additional insurance specifically against death by accident."
This statute permits the inclusion in the policy any clause which, in the opinion of the commissioner, contains provisions more favorable to the policyholder than those required by the statute to be contained in the policy. R.S. 17:34-15
(addenda).
However, since the "incontestable" feature of the policy has already been considered on the said motion to strike the bill, I see no reason for giving it further thought.
I feel that the complainant is entitled to the relief it seeks. I shall advise an order to this effect.